## CARVER ET AL. v. CARVER.

PROCESS.—*Infant Defendants.* — *Jurisdiction.*—*Presumption.*—*Record.*—*Supreme Court.*—*Appearance after Verdict.*—Where, on appeal to the Supreme Court by the defendants, some of whom are infants, the record does not show either the service of process against the defendants, or an appearance by them, it is presumed that the lower court had no jurisdiction over them, and the judgment will be reversed, notwithstanding the appearance of an adult defendant, after verdict, to move for a particular judgment.

SAME.—*Infant.*—*Notice.*—*Guardian ad Litem.*—No guardian *ad litem* can be appointed by the court for an infant defendant who has not been personally served with process if a resident, or, if a non-resident, with notice by publication.

From the Madison Circuit Court.

*W. March, W. N. Pierse* and *H. D. Thompson,* for appellants.

*M. S. Robinson* and *J. W. Lovett,* for appellee.

HOWK, C. J.—On the 5th day of June, 1874, the appel-lee filed, in the Madison Circuit Court, an amended com-plaint of two paragraphs, against one Ira K. Carver, as sole defendant. At the June term, 1874, of said court, the defendant filed his demurrer to said amended complaint, of which demurrer it is said by the clerk of said court, in brackets, that " this demurrer cannot be found." The de-murrer was overruled, and the defendant excepted. The defendant then answered in three paragraphs, the first two being separate general denials to the two paragraphs of the complaint, and the third paragraph of said answer setting up an affirmative defence to the action. To this third paragraph the appellee replied by a general denial.

The next entry in the record shows, that, at the March term, 1875, of said court, the defendant filed " his bill of exceptions, in this cause, properly signed by the judge of this court, in these words, to wit," and then follows a copy of a bill of exceptions. This bill purports to contain cer-tain proceedings of the court, in the cause, long prior to the filing of said amended complaint, in relation to a trial of the cause then had, and a general verdict and special finding of facts then found by a jury in said cause. This general verdict and these special findings are not in the record, nor are the pleadings in the cause, at the time of such trial, set out in the record.

At the June term, 1875, of said court, it was shown to the court, that, in vacation, the appellee had filed in said cause what is termed a supplemental complaint, suggesting the death of said Ira K. Carver, and naming the appel-lants, six in number, as his only heirs at law, three of whom, it was alleged, were minors under the age of twenty-one years, and that a summons had been issued thereon for said appellants. This summons is not in the record, and it does not appear that it was ever served on the appellants, or any of them. The court appointed a guardian *ad litem*

for the infant defendants, and an answer was filed in their behalf; but we are informed, by a memorandum of the clerk of said court in brackets, that "this answer is off the files."

No answer was filed by the adult appellants, nor does the record clearly show any appearance by them or by any one on their behalf, nor were they ruled to answer, nor were they called and defaulted. The cause was tried by a jury, and a special verdict was returned. The defendant Esther J. Carver then appeared by counsel, and moved the court in writing for a particular judgment on the verdict, for the appellants; which motion was overruled, and to this ruling the defendants excepted. There was no motion for a new trial, and the evidence is not in the record. The court, of its own motion, rendered a decree and judgment on the special verdict, and the defendants appealed to this court.

Many errors are assigned by the appellants in this court, but the record is in such an imperfect condition, that we can not consider them. The judgment, however, can not be sustained, as the record fails to show that the court below had acquired jurisdiction of the persons of the appellants. The summons issued on the supplemental complaint, and the service thereof, if the same was ever served, were necessary parts of the record. In their absence, we are bound to assume that the circuit court had no jurisdiction of the appellants, and especially of the infant defendants. As against infant defendants, nothing can be presumed, and the record must show that they have been duly served with process. They can not appear by an attorney, and it must be shown to the court that a summons, duly issued, has been personally served upon them, or, if non-residents, publication made, before the court will be authorized to appoint a guardian *ad litem* in their behalf. *Abdil* v. *Abdil*, 26 Ind. 287; *Cochnower* v. *Cochnower*, 27 Ind. 253; *Hawkins* v. *Hawkins' Administrator*, 28 Ind. 66.

The judgment is reversed, at the appellee's cost, and the

cause is remanded for process against the appellants, for default or answer, and for further proceedings.

Petition for a rehearing overruled.