JOHN L. McDERMOTT, APPELLANT, VS. J. E. THOMP-
SON, EXECUTOR, APPELLEE.

MINORS—HOW MADE PARTIES IN EQUITY.

1. Where minors are to be made parties defendant in a suit in equity, subpœna should be issued to such minors and regularly served upon them in the presence of their legal guardian, or in the presence of the person who has the present care and custody of them. Then a guardian *ad litem* for such minors should be appointed by an order of the court; and such guardian *ad litem* should also be served with subpœna in the cause.

2. Where a stranger to the cause interposes any pleading in an equity suit, for and on behalf of minors interested in the issues thereof, as their guardian *ad litem*, and the record fails to show that such party has ever been appointed or authorized by the court to act in said cause as such guardian *ad litem*, all the pleadings so interposed by such stranger are nugatory and do not bind such minors; and all orders and proceedings in said cause predicated upon such pleading will be set aside as void.

Appeal from the Circuit Court for Monroe county.

The facts in the case are stated in the opinion of the court.

*John A. Henderson* for Appellant.

No appearanc for Appellee.

(Judge Malone, of the Second Circuit, sat in the place of Mr. Chief-Justice Raney, who was disqualified.)

TAYLOR, J.:

On the 20th day of January, 1882, John L. McDer-

mott filed his bill in equity in the Circuit Court of Monroe counth, Sixth Judicial Circuit, against Joyn E. Thompson, as executor of the will of Olivia Gib bons, deceased, and against George Edward and Thomas Eugene Gibbons, minor children of Olivia Gibbons, deceased, praying that the last will of Olivia McDermott, who was formerly, before her marriage with McDermott, called Olivia Gibbons, made before her marriage with McDermott, be set aside as illegal and void, and for an accounting by John E. Thompson as the executor of such will, &c.

John E. Thompson, as executor, answered. Testimony was taken and the cause submitted to the chancellor, and a final decree therein was rendered in the court below on the 24th of April, 1882, setting aside the will and declaring it to have been revoked because of the fact that it was made by the testatrix prior to her second marriage, devising all of her property to children by a former marriage, and having had issue of a son by her second marriage with McDermott who was not provided for by said will. From this decree the cause was appealed to this court, and this court at the January Term, 1883, rendered a decision therein (19 Fla., 852) reversing the decree of the court below because of the failure to make the minor children of Olivia Gibbons by her first marriage parties to the suit by proper service upon them of process in the cause, and because of the want of proper answer for such minors through a guardian *ad litem*. In the former decision of this court in the cause it was distinctly de· cided that the subpœna in the cause should be served

upon the minors in person, and *upon a guardian ad litem* for them *appointed by the court*, and that the service on the minors should be in the presence of their legal guardian, if they have one, or in the presence of such person as had for the time being the actual care or custody of such minors. After the decision of this court subpœna seems to have been issued to such minors, but the return of service thereof is defective because it does not show the names of the minors upon whom it was served, neither does it show that it was ever served upon any guardian *ad litem* for such minors appointed by the court. On the 2d day of June, 1883, after the service of subpœna on the minors, of which the imperfect return was made as aforesaid, G. Bowne Patterson, as guardian *ad litem* for the minors, George E. and Thomas E. Gibbons, interposed a demurrer to the bill. This demurrer was subsequently on September 11th, 1884, sustained by the court below, and the bill dismissed; and from this order the cause is appealed a second time to this court. How, or by what authority, G. Bowne Patterson got into the cause as guardian *ad litem* for these minors, we have been unable to discover from anything in the record. There is no order of court appointing and authorizing him to act in that capacity, and there is no subpœna directed to or served upon him, citing him in that or any other capacity to appear and answer for and on behalf of said minors. We are constrained to conclude from this status of the record that the requirements of the former decision and mandate of this court have not been complied with, and that the said minors are not

yet properly before the court. With that decision we are fully in accord. It pointed out with sufficient particularity what was necessary to be done in order to get the minors properly before the court: 1st, that a guardian *ad litem* should be appointed by the court for such minors ; 2d, that such minors should be personally served with subpœna in the presence of their legal guardian, or in the presence of such person who had the care and custody of them; and 3d, that such guardian *ad litem* should be served with subpœna in the cause. None of these requisites have been complied with. It follows that all the proceedings and orders had and made in the cause since the former decision of this court in the premises must be set aside and reversed, with directions to supply the omissions in the proceedings therein, and herein pointed out, and it is so ordered.