## HOLLIDAY v. MILLER ET AL.

[No. 3,999. Filed December 19, 1901.]

DESCENT AND DISTRIBUTION.—*Childless Second Wife.*—*Children by Former Marriage.*—The owner of real estate died in 1877 leaving surviving him a childless second wife and children by a former marriage. His administrator failing to realize a sufficient amount from the sale of two-thirds of the real estate to pay the

debts, obtained an order of court and sold the remaining one-third, subject to the life estate of the widow. After the death of the widow one of the surviving children having acquired the interests of his brothers and sisters in said undivided one-third, brought suit for partition and to quiet his title thereto. *Held*, that since the widow under the statute of 1852 took such one-third free from all demands of creditors, the surviving children became the owners thereof upon the death of the widow, and that they were not estopped by the administrator's sale to claim title as they were then merely heirs in expectancy and could not defend against the proceeding to sell.

From Clay Circuit Court; *S. M. McGregor*, Judge.

Action by William Holliday against George W. Miller and others for partition and to quiet title. From a judgment for defendants, plaintiff appeals. *Reversed*.

*A. Payne*, *G. S. Payne* and *J. A. McNutt*, for appellant. *S. D. Coffey*, for appellees.

ROBY, J.—Action for partition and to quiet title to a one-third part of the real estate described in the complaint. Appellees by cross-complaint averred that they were the owners of the entire tract and asked that their title thereto be quieted.

Special findings were made by the court from which it appears that David Holliday died on March 18, 1877, the owner in fee of the north half of the northeast quarter of section thirty-four, township nine north, range seven west, in Clay county, Indiana; that he left surviving him Polly Holliday, his widow, who was a childless second wife, and seven children by a former marriage of whom appellant was one; that Polly Holliday died February 15, 1897, all of said children surviving her; that since her death, appellant has acquired the interest of his brothers and sisters in said land, which is susceptible of partition; that in April, 1877, an administrator of the estate of David Holliday was duly appointed and qualified; that at the June term 1877, of the Clay Circuit Court, he filed his petition for and obtained an order directing him to sell the undivided two-thirds of said real estate; that on March 23, 1878, he filed

the following additional petition: "State of Indiana, Clay county, ss: Circuit Court, January term, 1878. William L. Buckallew, administrator of the estate of David Holliday, deceased, would respectfully represent to the court: That the personal estate of said decedent amounted to $221.25, and that the claims against the same including costs, charges, and expenses of administration amount to about $1,450, leaving an indebtedness of $1,230; and that (at) a former term of the court he procured an order for the sale of a portion of the real estate of decedent, and that he has failed to realize enough by $164 to pay off said debts and charges; that said decedent died the owner in fee simple of the following real estate in Clay county, Indiana, to wit: The north half of the northeast quarter of section thirty-four, township nine, range seven west; that he has already sold the undivided two-thirds of the same; and that said decedent left surviving him his widow, Polly Holliday, Rosella Harrington, aged — years, Agnes Edmonson, aged 25 years, residents of the state of Kansas, and David H. Holliday, aged 23 years, James W. Holliday, aged 19 years, Sarah E. Holliday, aged 12 years, and Nancy A. Holliday, aged 11 years, residing in Clay county, Indiana, and that they are the only heirs of said decedent; that said widow is the owner of the undivided one-third of said real estate for her life time only, and that at her death it belongs to said children. Your petitioner asks an order to sell said undivided one-third of said land subject to said life estate' of said widow, and that the same be sold at private sale. [Signed] William L. Buckallew." That due notice of the pendency of said petition was given by publication and posting notices by said administrator as by law provided; that on hearing said petition the court directed and ordered the sale of said land as prayed for in said petition, that being all the land of which David Holliday died seized; that none of the defendants named appeared to the petition, and the money derived from said real estate was applied to the pay-

ment of debts by the administrator. A guardian *ad litem* was appointed for appellant and other infant defendants, and an answer filed by him; "that the record does not show that Polly Holliday, Rosella Harrington, Agnes Edmonson, and David H. Holliday were never called or defaulted, nor filed any answer herein." The appellee holds under purchase at the administrator's sale. The court concluded the law to be with appellees, and quieted their title. An exception to the conclusion was taken, and the action of the court therein is assigned as error.

The statute in force at the time of the death of David Holliday provided: Section, 17. "If a husband die testate or intestate, leaving a widow, one-third of his real estate shall descend to her in fee simple, free from all demands of creditors; provided, etc." Section 24: "Provided, that if a man marry a second or subsequent wife, and has, by her, no children, but has children alive, by a previous wife, the land which, at his death, descends to such wife, shall, at her death descend to his children." 1 R. S. 1852, pp. 250, 251. The construction placed upon this statute by the Supreme Court was that as against children of the prior marriage the widow took a life estate. *Martindale* v. *Martindale*, 10 Ind. 566; *Ogle* v. *Stoops*, 11 Ind. 380; *Rockhill* v. *Nelson*, 24 Ind. 422.

In 1869 the question as to what interest she took in such lands as against creditors was considered, and the court, by Judge Frazier, said, after reviewing the cases above cited: "But the question now here is altogether different. It is not, what does the widow take as against the creditors? The statute answers this question so plainly and expressly that there seems to be no room for construction. 'If a husband die testate, or intestate, leaving a widow, one-third of his real estate shall descend to her in fee simple, free from all demands of creditors.'" *Louden* v. *James*, 31 Ind. 69. The law as thus declared has been adhered to since. *Bell* v. *Shaffer*, 154 Ind. 413; *Caywood* v. *Medsker*, 84 Ind. 520;

Holliday *v.* Miller.

*Armstrong* v. *Cavitt*, 78 Ind. 476; *Flenner* v. *Benson*, 89 Ind. 108; *Bryan* v. *Uland*, 101 Ind. 477.

It follows that the children of David Holliday at the death of Polly Holliday became the owners of the one-third part of said real estate. The appellant, representing their interest, was entitled to the relief prayed in his complaint, unless he is estopped by the proceedings for the sale of real estate.

The petition to sell real estate did not name appellant nor his brother Henry Holliday. James W. Holliday is named, but the findings do not show that he had any interest, or that the name applied to either of the heirs omitted. Neither is it shown that they were brought into court in that proceeding. That due notice was given by publication and posting notices as provided by law is the statement of legal conclusions. In the absence of service, the appointment of a guardian *ad litem* was a nullity. *Roy* v. *Rowe*, 90 Ind. 54; *Carver* v. *Carver*, 64 Ind. 194.

It is not necessary to consider the effect of the finding quoted as to the defendants named in the petition, for the reason that there could be no estoppel against the children of David Holliday by his first wife in the proceeding. "They were not at the time the owners of any interest therein, they were merely expectant heirs, so that it was not possible for them to object to the petition or order, nor necessary for them to make any defense against the same." *Bell* v. *Shaffer*, 154 Ind. 413, and authorities cited on page 423.

Judgment reversed, with instructions to restate conclusions of law in accordance herewith.