ALBERT S. LAFLIN, HESTER N. LAFLIN, CHARLES A. MURPHEY AND MOLLIE S. LAFLIN, APPELLANTS, v. EDUARDO H. GATO, APPELLEE.

1. Where a bill is filed to foreclose a mortgage and answers thereto are filed by the defendants, one of whom a minor, answers by her guardian ad litem, and the answers are not excepted to and are sufficient to put in issue the allegations of the bill, proper practice requires that replications should be filed to said answers and that the cause should be then conducted in the orderly way, provided by law and the rules of practice; and where in such a state of pleadings, an Examiner is appointed, who takes the tes-

timony of the complainant and files the same on the day it is taken, and there is no waiver by the defendants of the time given by Rule 71 of the Rules of the Circuit Court in Suits in Equity for taking testimony, and a final decree is made, without notice of the hearing to the defendants, on the eighth day after the Examiner filed the testimony, such a final decree is erroneous.

2. It is erroneous in making a final decree in a suit to foreclose a mortgage to include therein interest on the principal debt, to a time beyond the date of the decree.

This case was decided by Division B.

Appeal from the Circuit Court for Monroe County.

### STATEMENT.

A bill to foreclose a mortgage upon certain real estate in Monroe county was filed by appellee in the Circuit Court of said county in July, 1903, against Albert S. Laflin, Hester N. Laflin, Charles A. Murphey, Mollie S. Laflin, George W. Allen, Administrator *de bonis non* of the estate of John J. Philbrick, deceased, Ellen P. Laflin, administrator of the estate of John P. Laflin, deceased, Ellen P. Laflin, a minor, heirs at law of John P. Laflin, deceased, Mary A. Philbrick, The First National Bank of Key West, a corporation, and The Key West Wharf and Coal Company, a corporation, alleging the execution of a mortgage by John J. Philbrick to appellee, on March 1st, 1895, to secure the payment of a note for $35,000, five years after date with interest to be paid semi-annually. The bill alleges that the note was overdue and unpaid; that the defendants had interests in the property subordinate to the rights of the mortgage and prays for a foreclosure, attorneys fees, &c.

An order was made appointing a guardian *ad litem* for Ellen P. Laflin, a minor, and on November 27th, 1905, an answer for her by her guardian *ad litem* was filed alleging that he was not advised as to the allegations of the bill and asking strict proof thereof.

On June 6th, 1904, Albert S. Laflin, Hester N. Laflin, Charles A. Murphey and Mollie S. Laflin filed a joint and several answer to the bill, alleging that they were not parties to the transaction between John J. Philbrick, deceased, and complainant Eudardo H. Gato, and that they have no personal knowledge of the truth of the averments of the bill concerning Philbrick's being indebted to said Gato in the sum of $35,000, or concerning the execution and delivery of the alleged note for $35,000, and the mortgage securing the same, and pray that the complainant may be required to make strict proof of the existence of said indebtedness and of the execution of the said note and mortgage, and that an examiner be appointed to take evidence to be offered by complainant and respondents. The answer was sworn to. There were no exceptions filed to this answer, or to that of the guardian *ad litem* for Ellen P. Laflin, and no replication appears to have been filed to either of said answers. Decrees *pro confesso* were entered against the other respondents. Notice was given to the parties who had answered that an application would be made for the appointment of an examiner to take the testimony on June 27th, 1904, and on that day the Chancellor entered an order appointing L. W. Bethel, Esq., an examiner to take the testimony, and to ascertain the amount due complainant for principal and interest on said note and mortgage, and to take proof of the facts and circumstances stated in the bill of complaint. This order recites the filing of the answer of the

guardian *ad litem,* and the answer of the appellants, in the latter of which it is stated that they have not denied the allegations of the bill.

The examiner in his report recites that "after due notice to the solicitor for defendants" he took the evidence of complainant, and computed the amount due him. It appears that this testimony was taken on the 15th of July, 1904, and filed on the same day. There does not appear to have been any waiver by the defendants of their right to submit evidence or any consent to waive the time given by Rule 71 of the Rules of Circuit Court in Suits in Equity for taking testimony, *viz:* three months. It does not appear that the appellants had any notice of the filing of the report of the Examiner, or the time allowed by Rule 84 of the Rules of the Circuit Court in Suits in Equity for filing exceptions thereto, as within eight days after the report was filed the final decree was made.

On July 18th, 1904, affidavits as to a reasonable solicitors fee were filed, and on the 23rd of July, 1904, a final decree was made without notice of the hearing to the defendants below decreeing in favor of complainant, fixing the amount due him at $41,787.50, including an attorneys fee of $2,500.00. This amount also include interest from September 1st, 1902, to September 15th, 1904, which embrace two months interest in advance of the date of filing the report, and about fifty days interest in advance of the date of the decree. The decree required the payment of the amount found due within eight days, and in default of payment decreed the sale of the mortgaged property.

A motion was made to set aside the report of the examiner and final decree on August 5th, 1904, and denied, and exceptions to the Examiner's report were filed August 11th, 1904. On the 15th of August, 1904, the appel-

36 S. C.

lants entered an appeal from the final decree, and upon proper proceedings an order of severance was made as to the other defendants.

*R. H. Liggett,* for Appellants.

No appearance for Appellee.

HOCKER, J., *(after stating the facts.)* There are six assignments of error. Among them: 1st. That the final decree of July 21st, 1904, was erroneous; 3rd. That said decree was entered before the expiration of the time allowed for taking testimony; 4th. That said decree was entered before the expiration of the time (30 days) allowed to defendants for excepting to the Examiner's report; 5th. The court erred in rendering its final decree before replication or issue joined; 6th. The court erred in appointing an examiner before issue was joined.

There were no exceptions to the answers, and under the rule laid down in Robbins v. Hanbury, 37 Fla. 468, text 469, 472, 19 South. Rep. 886, they were sufficient to put the complainant upon proof of the allegations of his bill. See Rule 62 of Equity Rules in Circuit Court, and section 1417 Revised Statutes of 1892. There should have been replications to the answers, and then the cause should have been conducted in the orderly way provided by law and the rules of practice. The respondents should have had opportunity for presenting their evidence if any they had, during the time provided by the rules, *viz:* three months. See also case of Parkin v. Safford et al. 37 South. Rep. 567—4th, 5th and 6th head notes.

In the case of Adams v. Fry, 29 Fla. 318, 10 South. Rep. 559, this could held "in a cause not under a default

a chancellor, after adjudicating the equities between the parties, refers it to a master for his report on matters specified in the reference, the proceedings before him are regulated and controlled by the rules of practice prescribed in such matters." This is quoted and applied in Ballard v. Lippman, 32 Fla. 481, text 490, 14 South. Rep. 154. We think also that there is no tenable ground for the proposition that the complainant was entitled to have interest as a part of this debt beyond the date of the decree. The appellee has not favored us with a brief in this case, and we are unadvised of any authority for such a proposition.

The final decree is reversed and the cause remanded for further proceedings in accordance with law and the rules of practice.

TAYLOR and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., COCKRELL and WHITFIELD, JJ., concur in the opinion.