ELLEN P. LAFLIN, A MINOR, INDIVIDUALLY AND BY HER NEXT
FRIEND MOLLIE S. LAFLIN, APPELLANT, *v.* EDUARDO H.
GATO, APPELLEE. CHARLES A. MURPHEY, APPELLANT, V.
EDUARDO H. GATO, APPELLEE.

1. An order for constructive service by publication fixing the
appearance day fifty-two days from the date of the order
is void under a statute prescribing that the date to be
fixed should be not less than thirty nor more than fifty
days.

2. In constructive service by publication the certificate of the
clerk should show the posting of a copy of the order at
the *door* of the court house.

3. The answer of a guardian *ad litem* will not operate as an
appearance for the infant, when the guardian was ap-
pointed before service by publication upon the infant had
been perfected.

4. It is a serious irregularity to render a decree of foreclosure
against one who acquires title after the filing of the
bill, who is brought into the proceedings only by an in-
terlineation in the introductory part of the bill, with no
statement as to his interest nor any prayers as against
him, even though he may file a formal answer. The de-
cree being reversed as to another appellant, it will also
be reversed as to him.

This case was decided by Division A.

Appeal from the Circuit Court for Monroe County.

The facts in the case are stated in the opinion of the
court.

34—S. C.

*Macfarlane & Glen* (with whom was *Norvin G. Maloney* on the brief), for Appellants;

*Fred T. Myers* (with whom was *G. Bowne Patterson* on the brief), for Appellee.

COCKRELL, J.: This is a suit instituted in the Circuit Court for Monroe county to enforce a mortgage lien by Eduardo H. Gato, the mortgagee, upon certain wharf property in the city of Key West, which is owned in part by Mollie S. Laflin and Ellen P. Laflin, a minor, and in part by Charles A. Murphey. From the final decree separate appeals were entered by Charles A. Murphey and by Ellen P. Laflin, individually and by her next friend Mollie S. Laflin.

It is frankly admitted here upon the brief filed in behalf of the appellee, that the service by publication upon the minor was fatally defective under the former decisions of this court. Among the departures from the statute, Chapter 4129, Laws of 1893, providing for constructive service by publication, may be mentioned the fact that the appearance day was fixed fifty-two days after the date of the order, while the statute says the date to be fixed in the order should be "not less than thirty nor more than fifty days from the time of making the order," where the defendant is a resident of the United States. It does not appear that the clerk posted a copy of the order at the *door* of the court house. Other variances from the statute are pointed out by appellant, and with a warning that it is unsafe to change the verbiage of the statute in the matter of constructive service, we accept this confession of error upon the part of the appellee and agree the service was fatally defective.

The answer filed by the guardian *ad litem* did not operate against the infant as an appearance. The appointment was made ten days after the order for publication, and even had that order been perfect, the appointment was premature. The infant could not against her will and her interest be considered in court until the full period fixed in the order as allowed by the statute had elapsed and the full opportunities for the notice to be brought home to her had been accorded. She may be of such years of discretion as to be entitled to be heard upon the choice of the guardian or those naturally interested in her welfare might have a voice in the selection. The acts of a guardian *ad litem* appointed prematurely upon a defective constructive service cannot bind the infant and as to her the decree was erroneous. As to prematurity of the appointment of the guardian, see Walker v. Hallett, 1 Ala. 375; Good v. Norley, 28 Iowa 188, text 199; Crouter v. Crouter, 133 N. Y. 55, 30 N. E. Rep. 726.

As to Charles A. Murphey we have stated he is the owner, the holder of the legal title to one part of the wharf, but we get this fact not from the bill of complaint or from any amendments thereto, but only from a petition filed by the appellee setting up that since the filing of the bill Murphey had acquired the title thereto, being a purchaser at a foreclosure sale in the Federal court under a junior mortgage, and asking leave to make him a party defendant by "amendment." Leave being granted, the "amendment" actually made consisted merely by interlining in the introductory part of the bill, where the parties are named, the words "and Charles A. Murphey." The stating part of the bill was in no wise changed, nor were the prayers. It does appear, however, that Murphey filed a formal answer denying knowledge of the transactions

between the original parties to the mortgage and calling for strict proof, but before testimony was taken asked leave to withdraw the answer or to incorporate a demurrer therein directing attention to these grave irregularities. There was an interval of more than a year between the filing of the answer and the request to withdraw, the delay being explained in part perhaps by the pendancy of the former appeal in the court (Laflin v. Gato, 50 Fla. 558, 39 South. Rep. 59) and if it were a matter purely of discretion as to whether or not an amendment should be allowed, we might hesitate to interfere; but it seems to us the defects in the bill were so serious in matter of substance as that the court should have required a reformation of the bill before proceeding further in the cause. What issues of fact are tendered by this bill that could be pleaded *res judicata* as against Murphey? Neither any fact nor inference of law is alleged as to him nor is any relief prayed against him. We do not undertake to say that any decree rendered would be void on collateral attack, but when the point is urged to our attention upon direct appeal, we feel constrained to notice the irregularity, and as the decree must be reversed as to one of the appellants it will be reversed as to this one also.

There are other complications and doubts as to this proceeding. A decree *pro confesso* has been entered as to one defendant not before this court, upon whom it is doubtful if the notice of the sheriff shows service.

We are asked by the appellants to construe the provision of the mortgage as to the proper basis for an attorney's fee to be fixed upon the corpus of the property and are also asked by the appellee to point out all the irregularities that may exist in the proceedings, but must decline both requests. After the court discover fatal error

in a record there is danger in further discussion. As stated above this is the second appeal in this case. On the first the decree was reversed for failure to give the defendants an opportunity to be heard, and the defects now called to our attention are more numerous, and if possible more glaring than before. The condition of the record is such that we feel impelled to follow the precedent heretofore set under somewhat similar conditions (Mattair v. Payne 15 Fla. 682) and reverse the decree with directions to dismiss the bill at complainant's costs without prejudice, so that he may file an entirely new bill.

It is so ordered.

SHACKLEFORD, C. J., and WHITFIELD, J., concur; .

TAYLOR, HOCKER, and PARKHILL, JJ., concur in the opinion.