Harry B. Peacock, as Administrator of the Estate of John Palmer Corell, *Appellant*, v. City of Miami, a Municipal Corporation, *et al., Appellees*.

### Division B.

### Opinion Filed July 27, 1926.

1. Prior to the enactment of Chapter 5910, Acts of 1909, there was no provision for service of process on a nonresident infant defendant by publication and posting notice. Up to that time the Court acquired jurisdiction of an infant defendant by service of process upon the infant and upon a guardian *ad litem* appointed by the Court.

2. The enactment of Section 1 of Chapter 5910, Acts of 1909, Sec. 3115, Revised General Statutes, modified the rule stated in McDermott v. Thompson, 29 Fla. 299, by providing that in any suit concerning the title to lands in this State or any interest in real property situate in this State in which suit a non-resident infant may have such an interest as to make him a proper party, service of process in such suit may be perfected upon such non-resident infant by publication in the same manner provided by law for perfecting service upon other non-resident defendants in such suits and upon *proof*

(italics ours) of such service upon such non-resident infant, the Court having jurisdiction of the subject matter of the suit may appoint a guardian *ad litem* for such non-resident infant, in the same manner provided by law in cases where there has been personal service.

3. The requirements of the Statute as to service by publication are: "The Clerk shall have all orders of publication against an absent defendant, whether made by the judge or himself, published with as little delay as may be, in such newspaper as may be designated in the orders, .once a week, for .four consecutive weeks, if the defendant be stated to be a resident of the United States; or if he be stated to be a non-resident of the United States; or if his residence be stated to be unknown, for eight consecutive weeks; he shall also, within twenty days of the making of the order, post a copy of the said order at the door of the court house of the county, and send by mail a copy to the defendant, if his residence be shown by the bill or affidavit.

4 The bill of complaint sufficiently alleged the failure of the court in the foreclosure suit to acquire jurisdiction of the infant non-resident defendant.

An appeal from the Circuit Court for Dade County; H. F. Atkinson, Judge.

Reversed.

*J. T. G. Crawford,* and *J. A. Herring, Jr.,* for Appellant;

*J. W. Watson, Jr.,* and *Botts, Davis, Davis & Fields,* for Appellees.

BUFORD, J.—This appeal is from an order sustaining a general demurrer and special demurrers to the bill of complaint and dismissing the bill.

Demurrer was filed by the defendant.

While the demurrers were pending the original complainant, John Palmer Corell died and the suit was revived by an order of Court as follows:

"This cause coming on this day to be further heard upon the motion of Harry B. Peacock as administrator of the estate of John Palmer Corell, deceased, and George Philip Corell and Adam Wesley Corell for an order reviving the said cause in the names of said movants as complainant, and it appearing to the Court that the said John Palmer Corell, the original complainant herein, has departed this life intestate leaving him surviving as his only heirs at law his brothers, George Philip Corell and Adam Wesley Corell, and it further apeparing that the said Harry B. Peacock has been duly appointed and is now the duly qualified and acting administrator of the estate of said John Palmer Correll, deceased, and it further appearing that said cause survived the said John Palmer Corell and now exists in the said movants, and the Court being otherwise fuly advised of its judgment in the premises,

IT IS ORDERED AND ADJUDGED, That the said cause be and it is hereby revived, and the said Harry B. Peacock as administrator of the estate of said John Palmer Corell, deceased, and the said George Philip Corell and the said Adam Wesley Corell are hereby substituted as parties complainant in said cause.

ORDERED That the said cause as revived do proceed in due course.

DONE AND ORDERED In Chambers at Miami, Florida, this 21st day of October, A. D. 1924."

The case later coming on to be heard on the demurrers to the bill the following order was made to-wit:

"This cause came on to be heard upon the general and special demurrer of the City of Miami to complainant's bill of complaint, and it appearing to the Court that since

the institution of this suit, John Palmer Corell, complainant, has died, and that Harry B. Peacock was appointed administrator of the estate of John Palmer Corell, deceased, and that upon suggesting the death of the said John Palmer Corell, an order was made and entered whereby the Court revived said cause in the name of the Administrator and in the name of George Philip Corell and Adam Wesley Corell who were substituted as parties complainant in said cause; and, it further appearing that the said special and general demurrers were duly set down for argument and were argued before the court by the solicitors for the respective parties, upon consideration thereof, and the court being advised of its judgment in the premises,

IT IS ORDERED, ADJUDGED AND DECREED That the special demurrers of defendant to complainant's bill of complaint as revived be and the same is hereby sustained.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, That the general demurrer of the defendant to complainant's bill of complaint as revived be and the same is hereby sustained.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED That the complainant's bill of complaint be and the same is hereby dismissed at cost of complainants to be taxed by the Clerk of Circuit Court.

DONE AND ORDERED In Chambers, at Miami, Florida, this 20th day of July, A. D. 1925.''

From this order appeal was taken and errors were assigned as follows:

''1.    The Court erred in sustaining the general demurrer of the defendant City of Miami.

2.    The Court erred in sustaining the special demurrers of the defendant City of Miami.

3.    The Court erred in dismissing the bill of complaint.''

By stipulations by the parties the record of foreclosure

proceedings referred to in the bill of complaint were considered by the Court in arriving at the conclusions resulting in the orders sustaining the demurrers; and a transcript of these proceedings is made a part of the record before this Court.

In reviewing the order of the Circuit Court we shall deal with the two main questions presented by this appeal. The first is whether or not the decree of foreclosure was void as to the infant defendant John Palmer Corell.

The other is whether or not John Palmer Corell was shown by the allegations of the bill of complaint to have been guilty of such laches as to estop him at the late day of the filing of his Bill of Complaint from ascertaining his rights.

This is a suit brought by the complainant founded upon the title to real property and under the Statutes of this State, Section 2933 and 2937, Revised General Statutes of Florida, the suit could be maintained at any time within seven years after the complainant reached the age of twenty-one (21) years. The bill alleges that the suit was brought within that time and also alleges in effect, that the suit was brought as soon as complainant had learned of the facts and circumstances alleged in his bill of complaint. Therefore, we must conclude that the bill is not subject to demurrer upon the ground that the complainant has been guilty of such laches as to preclude him from claiming advantage of his legal rights.

Among other things the following allegations appear in the bill of complaint.

"That on to-wit: December 21, 1910, the said Henrietta Corell as complainant in said cause made and subscribed an affidavit to the effect that your orator was then a resident of the State of New York; and said affidavit was filed in said cause on the following day and thereupon the clerk

of the court made an order purporting to require your orator to appear and answer said bill of complaint on February 6, 1911; that said order was never recorded in the minutes of this Court or in the Chancery order book of this Court; that no sufficient proof of the publication of said order and notice was ever filed in said cause; that no proof of the publication of said order and notice was filed in said cause until a day subsequent to the signing of the final decree therein hereinafter mentioned; (that no copy of said order was ever posted at the door of the court house of said County); that notwithstanding the matters and things aforesaid the then judge of this Court did on September 22, 1911, make an order appointing one H. P. Branning, Esquire, to be the guardian ad litem for your orator to represent your orator in said cause; that your orator was not consulted as to the appointment of said guardian ad litem and had no knowledge thereof; that no subpoena or other process of this court was ever issued to or served upon said guardian ad litem for your orator, but notwithstanding the fact that the said guardian ad litem for your orator did on the self-same days of his appointment as aforesaid, contrary to the rights and interests of your orator, voluntarily file an answer in said cause; that by reason of the acts and doings of said guardian ad litem for your orator as aforesaid the then judge of said Court did on the said self-same day make an order in said cause appointing a special master to take testimony therein.''

These allegations of the bill challenge the jurisdiction of the Court, in the foreclosure suit referred to, over the person of one of the defendants in that suit who had become the complainant in this suit and who at the time of the making of the order in the foreclosure suit was fifteen (15) years of age. The Court exercising judicial cognizance of its own records considered the record in the

foreclosure suit in connection with the allegations of the bill of complaint and the demurrer thereto with the result heretofore stated.

The order sustaining demurrers to the bill of complaint for want of equity appears to have been error.

The allegations raising the question of jurisdiction of the Court (in the foreclosure suit) of the person of the infant defendant herein have been stated. These allegations are supported by reference to the record in that suit.

The record of that suit bristles with the showing of gross irregularities. Aside from these irregularities there is the basic obje ction to the validity of the decree that the record fails to show service of process either actual or constructive upon the infant defendant so as to bring such defendant into the jurisdiction of the Court.

Prior to the enactment of Chapter 5910, Acts of 1909, there was no provision for service of process on a nonresident infant defendant by publication and posting notice. Up to that time the Court acquired jurisdiction of an infant defendant by service of process upon the infant and upon a guardian ad litem appointed by the Court. Gibbons v. McDermott, 19 Fla. 852, and cases there cited.

And without a showing: First, that the minor had been personally served with subpœna in the presence of a legal guardian or in the presence of a person who had the care and custody of the minor. Second: That a guardian ad litem had been appointed by the Court for such minor, and Third: that such guardian ad litem had been served with subpoena, the Court was without jurisdiction to make orders or decrees affecting the rights of such minor. McDermott v. Thompson, 29 Fla. 299, 10 South. Rep. 584.

The enactment of Section One of Chapter 5910, Acts of 1909, Sec. 3115, Revised General Statutes, modified this rule by providing that in any suit concerning the title to lands

in this State or any interest in real property situate in this State in which suit a non-resident infant may have such an interest as to make him a proper party, service of process in such suit may be perfected upon such non-resident infant by publication in the same manner provided by law for perfecting service upon other non-resident defendants in such suits and upon *proof* (italics ours) of such service upon such non-resident infant, the Court having jurisdiction of the subject matter of the suit may appoint a guardian ad litem for such non-resident infant, in the same manner provided by law in cases where there has been personal service.

Service by publication was required to be made as follows:

"Publication of Order. The clerk shall have all orders of publication against an absent defendant, whether made by the Judge or himself, published with as little delay as may be, in such newspaper as may be designated in the order, once a week, for four consecutive weeks, if the defendant be stated to be resident of the United States; or if he be stated to be a non-resident of the United States, or if his residence be stated to be unknown, for eight consecutive weeks; he shall also, within twenty days of the making of the order, post a copy of the said order at the door of the court house of the county, and send by mail a copy to the defendant, if his residence be shown by the bill or affidavit."

The bill of complaint sufficiently alleged the failure of the Court in the foreclosure suit to acquire jurisdiction of the infant non-resident defendant.

There is conflict between authorities as to whether or not a decree entered in such cases is void or merely voidable. This Court is committed to that enunciation which holds such decrees to be void. Laflin v. Murphy, 52 Fla. 529, 42

Soutih. Rep. 387; McDermott v. Thompson, 29 Fla. 299, 10 South. Rep. 584; Walker v. Hallett, 1 Ala. 379; Goode v. Norley, 28 Ia. 188; Crouter v. Crouter, 135 N. Y. 33, 30 Northeastern, 726; Clark v. Thompson, 47 Ill. 25, 95 Am. Dec. 457; Westeyer v. Gallenkamp, 154 Mo. 28, 55 Southwestern 231; Johnson v. San Fran. Sav. Union, 63 Cal. 445; Randolph v. Bayune, 44 Cal. 366; Roy v. Rowe, 90 Ind. 54; Carver v. Carver, 64 Ind. 194; Holloway v. Brown, 181 Ky. 716, 205 Southwestern 925; McMurtry v. Fairley, 194 Mo. 502, 91 Southwestern 902; Davis v. Crandoll, 101 N. Y. 311, 4 Northwestern, 721; Ivey v. Ingram, 4 Caldw. (Tenn.) 129.

So it appears that the general demurrer to the bill of complaint should have been overruled and it further appears that the special demurrers numbered two, three, four and five should have been overruled because the allegations of the bill attacked by these special demurrers sufficiently state a lack of jurisdiction. The remainder of the special demurrers should have been overruled because the allegations of the bill attacked by these special demurrers are pertinent to the contention that the rights and interest of the non-resident infant defendant were totally disregarded. It is therefore considered that the order of the Chancellor in sustaining the demurrers and dismissing the bill be and the same is hereby reversed.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS AND STRUM, J. J., concur in the opinion.

BROWN, C. J., dissents.

BROWN, C. J., dissenting.—The burden was upon the complainants in the Court below to show by their bill that

the Court was without jurisdiction of the person of the infant, John Palmer Corell, when the decree of foreclosure, signed September 27, 1911, and filed and recorded on October 3, 1911, was rendered. It is conceded that the Court had jurisdiction of the subject matter. The record in the foreclosure suit, which by stipulation the Court was permitted to consider in connection with the demurrer to the bill, shows that proper affidavit for publication was filed December 22, 1910, and proper order of publication made the same day, and proof of publication pursuant to the order was filed October 3, 1911, the same day the decree was filed, having been sworn to by the publisher of the newspaper on September 26, 1911. The replication and several other papers in the case, some of which showed they had been signed on previous dates, were marked filed October 3, 1911; thus raising the very reasonable presumption that the chancellor had all these papers before him, and then had them all filed at the same time the decree was filed.

The bill, which seeks the annulment of the foreclosure decree, alleges, that when the latter was granted, and also when the guardian *ad litem* was appointed, no proof of publication had ever been *filed* in said cause; but *it does not allege* that when these things were done *the chancellor did not have proof before him of the publication of the order* as required by the order and the statute.

Nor is it charged that the clerk did not mail a copy of the order to the infant defendant. But it is charged that he did not post a copy at the court house door. Proof of this was not required by Chapter 5910 of the Laws of 1909, now Section 3115 of the Revised General Stats. But if this had been necessary, in the absence of a showing to the contrary, the clerk will be presumed to have done his duty in that respect. However, the record, considered by stipulation, indicates that the posting was done. The clerk's progress docket in the foreclosure suit, by brief notations,

showed that on December 22, 1910, the date the order for publication was made, two copies of the notice of publication were mailed, one posted, and one "to Metropolis," the newspaper in which the order of publication was shown to have been published.

The clerk was required by Section 1831 of the Gen. Stats of 1906, to keep a progress docket, wherein he should note the filing of papers, and any step taken in the clerk's office in connection with any cause, at law or in equity. There was no statute requiring him to file in Court an affidavit or certificate as to the posting of the notice of publication at the court house door. This makes the entry noted in the progress docket the only "return" on this point which he had to make. And this notation will be conclusive as between the parties unless its falsity is disclosed by some other portion of the record. 21 R. C. L. 1321. It is only where decree *pro confesso* is entered upon constructive service that the clerk must file with the papers a certificate showing compliance with the statutory requirements as to publication, posting of notice at court house door, etc. See Section 1897, Gen. Stats. of 1906, now Section 3154 of Rev. Gen. Stats. of 1920. The statute does not prescribe *how* proof shall be made to the *Court* of constructive service upon a non-resident infant before appointment of guardian *ad litem* is made. See Section 3115, Rev. Gen. Stats., being Chap. 5910, Laws of 1909.

Under this state of the case, and bearing in mind that the bill must be construed most strongly against the pleader, can this Court say that the bill below shows that the Court below had no proof before it of the constructive service, and hence no jurisdiction of the person of such infant defendant, when the guardian *ad litem* was appointed, or the final decree entered? To do so, would be to indulge in conjecture; and this is never done in order to overthrow or impeach a decree or judgment. Doubts will be resolved in

favor of the validity of a decree when attacked, either col-laterally or by bill to impeach, rather than against such validity, the burden being upon the complainant. 34 C. J. 494-5, and cases cited; 21 C. J. 781; McMillon v. Harrison, 66 Fla. 200, 63 So. 427. Especially is this true where the interests of third parties have accrued.

The Court, in the foreclosure proceedings, having had jurisdiction of the subject matter and the parties, either by personal or constructive service, its decree cannot be impeached on original bill filed for that purpose for mere errors or irregularities, though such errors or irregularities might have afforded grounds for reversal or modification on appeal. Day v. Huchman, 65 Fla. 186, 61 So. 445; Lucy v. Dea, 59 Fla. 552, 52 So. 515; Wilds v. State, 79 Fla. 575, 84 So. 664; Torrey v. Bruner, 60 Fla. 365, 53 So. 337.

The cases of McDermott v. Thompson, 29 Fla. 299, 10 So. 584, and Laflin v. Murphy, 52 Fla. 529, 42 So. 387, were cases where the irregularities complained of were assigned to error in this Court on direct appeal from the respective decrees.

It is true that the guardian *ad litem* filed an answer on behalf of the infant defendant (which answer did not admit any of the allegations of the bill but called for strict proof thereof) without being served with a subpoena. He was no doubt informed of his appointment by the Court and filed answer without waiting to be served by sub-poena. He also waived the usual notice as to the taking of testimony. It does not appear how either one of these matters prejudiced the interest of the infant defendant. While a guardian ad litem cannot admit or waive anything adverse or prejudicial to an infant, he can bind such infant by admissions, waiver or stipulations as to such minor matters as are necessary to facilitate the progress of a suit and which do not affect the infant's substantial rights.

14 R. C. L.; Kingsbury v. Bingham, 134 U. S. 650, 33 Law Ed. 1047.

Answer was filed in the foreclosure suit by the adult defendants and the administrator *ad litem* of the estate of Adam Correll, which alleges that the mortgage and note were executed without consideration. It is true that the guardian *ad litem* did not object to the introduction of certain testimony in such suit, on behalf of complainant, tending to prove the consideration for the note and mortgage, which testimony, in so far as the same referred to the agreement with the deceased Adam Corell, was incompetent. Neither did the solicitors for the adult defendants object to the introduction of said testimony. No reason for such failure appears in the record. It is hardly possible that the distinguished counsel who represented the adult defendants, or the guardian *ad litem*, who shortly afterwards served honorably and acceptably for some years as Circuit Judge of this same court, overlooked this point of objection, but it is possible that they had become convinced that there was a consideration for the mortgage, and that this could be, or had been, proven by other competent testimony; it appearing that an agreement between the complainant and John Corell, was offered in evidence, but it does not appear in the record.

I do not understand from this bill that any fraud is charged against the guardian *ad litem* in this connection. In the absence of fraud, mere errors on the part of the chancellor, in the admission or rejection of testimony, where the court had jurisdiction of the subject matter and the parties, does not afford sufficient ground to maintain an original bill for the impeachment of the final decree.

Nor does the bill in this case charge that the mortgage was invalid or without consideration, nor is the validity of the decree attacked because it upholds the validity of

the mortgage. In fact, the validity of the mortgage is practically admitted by the bill because the prayer of the bill is that the complainants be allowed the right to redeem. Hence the bill does not show that the infant defendant in the foreclosure suit had at that time, or since, any meritorious defense.

In the case of Lucy v. Deas, above cited, it is said: "Property in this State is subject to the laws thereof, and judgments rendered by the courts in proceedings in rem upon such property are not null and void because the owner was out of the State and had no personal notice of the suit, where the property is within the jurisdiction of the court and the constructive notice required by law was given. See Pennoyer v. Neff, 95 U. S. 714; United States v. Throckmorton, 98 U. S. 61. The giving of incompetent or false testimony at the hearing, and the injustice of the claim asserted against the property, do not render the judgment null and void. 23 Cyc. 1000, 1100; Bleakley v. Barclay, 75 Kan. 462, 89 Pac. Rep. 906, 10 L. R. A. (N. S.) 230, and notes."

The order appealed from should therefore be affirmed.