An order overruling a demurrer to a bill of complaint was affirmed without opinion. Moore v. Avriett, 98 Fla. ___, 124 So. R. ___.
A rehearing is asked.
The bill of complaint herein was brought to set aside a decree rendered in another suit and for other affirmative relief, which renders it a collateral attack on such other decree. See 34 C. J. 522; 11 C. J. 960.
The bill of complaint in the former suit was brought in Dade County, Florida, by Bay View Estates Corporation against Mary P. W. Moore, if living, and if dead, the unknown heirs, devisees, grantees or other claimants under said Mary P. W. Moore, deceased, and all persons claiming interests in the described land. The bill of complaint was sworn to and alleged that the complainant
 "does not know and has not been able to ascertain whether or not the said Mary P. W. Moore is dead or alive";
that complainant
 "believes there is a person or are persons interested in the property involved in this suit or who claim to be *Page 556 
interested therein, whose name or names are unknown to your orator,"
and process was prayed for to be served by publication
 "directed to Mary P. W. Moore, if living, and if dead, to all persons claiming interest under said Mary P. W. Moore, deceased, or otherwise in the lands involved in this suit."
An affidavit of publication states that the "order of constructive service" in the case wherein Bay View Estates Corporation is complainant and Mary P. W. Moore, if living, and if dead, the unknown heirs, devisees, grantees, or other claimants under said Mary P. W. Moore, deceased, and all other persons claiming interest in the real property described in said order, are defendants, was published for eight consecutive weeks; etc.
The bill of complaint in this suit alleges.
 "That no copy of said order of publication was ever posted at the door of the court house of said County of Dade; that no certificate was made by the clerk of the Circuit Court in and for Dade County, Florida, and filed in said cause showing that the said clerk had made said order of publication; or that he had published a copy thereof in a newspaper printed and published in Dade County, Florida, or that he had posted a copy thereof at the court house door; that the said bill of complaint and the said affidavit were insufficient, as your orators and oratrixes are informed and believe, as a predicate for an order of publication for service upon the defendants named in said bill, because: (among other reasons)
 "(a) The said bill and the said affidavit fail to *Page 557 
show and allege that complainant or affiant had made any effort to ascertain whether or not the said Mary P. W. Moore was dead or alive, or to allege any facts upon which to base the conclusion named in the bill of complaint, namely 'That your orator does not know, nor has not been able to ascertain whether or not the said Mary P. W. Moore is dead or alive'."
The allegation in the bill of complaint in this suit that no copy of the order for constructive service in the other suit
 "was ever posted at the door of the court house of the said County of Dade,"
was sufficient to rescue the bill of complaint from the demurrer even if no other defects appear in the proceedings. Peacock v. Miami, 92 Fla. 360, 109 So R. 458.
Mary P. W. Moore had been dead several years before the suit was brought.
The bill of complaint alleges that a guardian ad litem was appointed for the unknown defendants and
 "that no decree pro confesso was entered in said cause against Mary P. W. Moore, if living, and if dead, the unknown heirs of Mary P. W. Moore, deceased,"
therefore the mere failure of the clerk to file a certificate under Section 3154, Rev. Gen Stats., Section 4941, Comp. Gen. Laws, of compliance with Chapter 8465, Acts of 1921, Sections 4897-8, Comp. Gen. Laws 1927, does not necessarily render the final decree invalid, if the steps necessary under the statute to afford due process to the defendants were in fact taken. Quigley v. Cremin, 94 Fla. 104, 113 So. R. 892.
In Wilson v. Drumright, 87 Fla. 202, 99 So. R. 553, it *Page 558 
was on direct appeal held that in an application for constructive service of process by publication under Chapter 8465, Acts 1921, an allegation merely that the defendants are unknown to complainant, was insufficient in the absence of an allegation that complainant had made an effort to ascertain whether any known person believed to be interested in the lands involved is living or dead, the statute requiring an allegation that the complainant "does not know and has not been able to ascertain," etc.
 The allegation here challenged is that complainant "does not know and has not been able to ascertain whether or not the said Mary P. W. Moore is dead or alive,"
which is the language of the statute then in force. Chapter 8465, Acts 1921, Section 4897-8, Comp. Gen. Laws 1927. As to the effect of which, see McDaniel v. McElvy, 91 Fla. 770, 108 So. R. 820; Balian v. Wekiwa Ranch, (Supplemental opinion) 122 So. R. 561.
Rehearing denied.
STRUM AND BUFORD, J. J., concur.
TERRELL, C. J., AND BROWN, J., concur in the opinion and judgment.
 ELLIS, J., disqualified. *Page 559