ELIJAH P. RUSHING ET UX., APPELLANTS, VS. THOMPSON'S EXECUTORS, APPELLEES.

1. A decree *pro confesso* in default of pleading against a defendant who has been summoned by publication, must be signed by the Judge. If signed by Solicitors it is nugatory. [In this case there is another order signed by the Judge, which is substantially a decree *pro confesso*.]

2. A final decree rendered against a party failing to plead or answer,

without a decree *pro con.* having been entered, may be irregular, but the final decree is not therefore void. If erroneous, it may be set aside on appeal, but no advantage can be taken of the error collaterally, as when the record is offered in evidence.

3. After a decree *pro confesso* the complainant may proceed *ex parte*, and on his motion the cause may be referred to a referee for trial and final decree under the Constitution and the statute, and a decree rendered by a referee so appointed, when duly recorded, is effective as a decree rendered by the court.

4. A referee is a judicial officer appointed by the Circuit Court, and the order appointing him, though irregular, makes him an officer *de facto,* whose title cannot be assailed in a collateral proceeding. If the appointment be irregularly made the remedy for the error is by motion in the same court or by appeal.

Appeal from the Circuit Court for Duval county.

Appellants brought ejectment against respondents, Lofton and McDonell, executors of E. M. Thompson, to recover certain lands in Duval county, and a verdict was had against plaintiffs, who appeal from the judgment thereon.

Plaintiffs proved a deed executed by Lofton to Eliza G. Magruder in 1876; that she died in 1883, and that Rushing's wife, one of plaintiffs, was her daughter and only heir at law.

Defendant offered in evidence the record of a decree in chancery rendered in the county of Duval by a referee by which decree the deed of Lofton to Mrs. Magruder was annulled for fraud and held to be utterly void.

The record of the decree consisted, (1,) of a bill in equity filed by Alexander Lofton October 16, 1877, against Eliza G. Magruder, alleging fraud and deceit in procuring the deed in 1876 and praying that it be declared void and cancelled; (2,) a subpœna issued and returned not served, defendant not found; (3,) an order signed by the Judge October 18, 1877, reciting that it appeared by affidavit that

the defendant, Eliza G. Magruder, resides in the State of Georgia, and ordering that she appear and plead or demur to the bill, or that it would be taken as confessed, and that this order be published four months; (4,) an affidavit of the publication required for four months, commencing October 23, 1877, filed March 4th, 1878 ; (5,) a paper, in form a decree *pro confesso*, defendant having failed to appear or plead, entered on rule day in March, 1878, not signed by the Judge but signed by complainants' solicitors; (6,) an order signed by the Judge May 8, 1878, to wit : " It appearing to the court by the papers on file in this suit that a bill has been regularly filed ; that no plea, answer or demurrer has been put in by the defendant, that a decree *pro confesso* has been regularly taken and filed and entered, and that the time for further pleading has expired under the rule ; it is thereupon ordered, on motion of complainants' solicitor, that the said cause be referred to a special master to take testimony therein and to report with all convenient speed the same to this court." II. Jenkins, Jr., was appointed as such special master ; (7,) an order dated March 19th, 1880, signed by the Judge, as follows: " Whereas, on motion made to this court of chancery heretofore in this cause by solicitors for complainants, the same was by an order of this court referred to Horatio Jenkins, Jr., Esq., as special master *pro hac vice* to take testimony therein, and to report the same to this court, and the said special master is now engaged in taking said testimony ; now on motion of the said complainants' solicitors it is ordered that said cause be and the same is hereby referred to Horatio Jenkins, Jr., Esq., a practicing attorney of this court, as referee for trial and final determination according to the statutes of this State in such case made and provided ; (8) a final decree in the cause, annulling the deed as above stated. To the in-

troduction of this record and every part thereof as evidence the plaintiff objected, and especially objected to the so-called decree *pro confesso* because it was entered before the time for appearance had expired and because it was not signed by the Judge or Clerk.  Objection was made to the order of reference to take testimony on the same grounds. Objection was made to the order referring the cause to a referee for trial on the ground that the court had no power to refer the same for trial by a referee on the motion of. complainant without the consent of the defendant.  The final decree was objected to on the ground of its incompetency and because it was void, the same not having been rendered by any competent court and because there was no decree *pro confesso* on which such final decree could be based.  The court overruled the objections and submitted the said record as evidence to the jury.

The court charged the jury that if the deed of Lofton to Mrs. Magruder was cancelled and annulled by a final decree rendered by Jenkins, as referee, appointed by an order of the Judge of the Circuit Court, then said deed is of no effect, and they should find for defendant, which charge was excepted to by plaintiffs.

*C. P. & J. C. Cooper* for Appellants.

This is an action of ejectment, brought on the 7th day of August, 1883, by the Appellants, plaintiffs, in the court below, against the defendants, Alexander Lofton and Thaddeus A. McDonell, the executors of E. M. Thompson, who are appellees here, to recover certain lands in Duval county.

This case was tried with verdict and judgment for defendants, and from that final judgment this appeal is taken.

The record shows that the plaintiffs proved the execution of the deed to their ancestor by one of the defendants,

Alexander Lofton ; they proved that Lofton was in possession when he made the deed to their ancestor, and the death of their ancessor, and their relationship to Lofton's said grantee, their ancestor, showing that Octaviah Rushing was the sole surviving heir of said grantee of Lofton. The plaintiff then had shown a right to recover the lands in controversy. Now, what was the defence.

The defendants introduced the record and final decree in the chancery case of Alexander Lofton vs. Elijah G. Magruder, to show that the deed under which plaintiffs claim title from Alexander Lofton to Eliza G. Magruder, the ancestor of plaintiffs, of the land in suit, had been decreed to be null and void and cancelled of record, and could not be used to show title by plaintiffs. The court admitted this record and decree, and charged the jury that plaintiffs could not recover under the deed of their ancestor, because it was null and void under said decree.

The questions, then, for review in this court, are whether there was any decree setting aside this deed, and whether this record and decree should have been admitted in evidence as a defence in this cause.

An inspection of this decree shows that it was made on on the 5th day of May, A. D. 1880, by Horatio Jenkins Jr., as referee, and the order appointing Horatio Jenkins such referee, shows that he was made such referee on the motion of complainant, Lofton's solicitor *alone*, and not the consent or " application " of both complainant and defendant. This record in case of Lofton vs. Magruder shows that the service was made upon defendant by publication ; that on the 4th day of March, 1878, a decree *pro confesso*, signed by complainant's solicitor, was entered against the defendant, Magruder ; a special master was appointed to take the testimony on motion of complainant's solicitor, testimony taken, and then, in that condition of the case,

this referee, who made this decree, was appointed on motion of complainants' solicitors.

This paper, which purported to be a decree by a reform, cancelling the deed under which plaintiffs, Rushing and wife, claimed title, was not a decree at all, but was totally void, of no effect, and ought not to have been allowed to have been introduced in this case.

1st. Because Horatio Jenkins had no authority of law to make this decree, as he must derive his authority from the order of Judge R. B. Archibald, of the 19th day of March, A. D. 1880, appointing him, and said Judge had no authority, under the Constitution and Laws of this State, to delegate his power to another as Circuit Judge, except on the "application of the parties," that is, of both parties to a suit. Defendant had never appeared, an attempted decree *pro confesso* had been taken : under these circumstances Judge Archibald's order appointing this referee was made.

The provision of the Constitution is that on "application of the parties" the Circuit Court may appoint a referee. Jenkins, therefore, under the circumstances of this case, had no jurisdiction at all of the cause, as the Circuit Judge had no authority to appoint him.

"Jurisdiction is conferred upon courts by the Constitution and Laws of the country in which they are situate, authorizing them to hear and determine causes between parties, and to carry their judgments into effect."

"Jurisdiction is conferred by the authority which organizes the court, and is to be sought for in the general nature of its power, or in the authority specially conferred."

A decree pronounced by a court having no authority to determine the matter in issue is void, and may be shown to be so in any collateral proceeding in which it is. 13 Fla. 393 ;

JANUARY TERM, 1884. 589

Rushing et ux. v. Thompson's Executors.—Argument of Counsel.

2 Ohio S., 223 ; 5 Foster, 299 ; G. Green, 2 Iowa, 15 ; 29, Wis., 419 ; Freeman Judgments, §120 ; 10 Wall., 308.

Whenever jurisdiction is to be acquired in a special manner, as of a referee, we contend, to wit: on the consent of the parties, the particular state of facts necessary to confer jurisdiction must have existed, or the judgment is void. Here the referee was appointed on motion of one party only, and the referee never obtained jurisdiction to make the decree attempting to cancel this deed. 5 Harris & Johnson, 130 ; 27 Ala., 391, 663 ; 6 Wheat., 119 ;, 11 Wend., 647 ; 3 Ohio, 553 ; 2 Blackford, 82: 3 Humph., 313 ; 6 Fla., 13.

This decree is based on a so-called decree *pro confesso* signed by complainant, Lofton's solicitors, not by Judge or Clerk of Court, and is made 30 days before the time when, it could be taken, so that no decree final could go on such *pro confesso*.

This decree was made on the 5th day of March, A. D, 1880, and filed February 3d, 1881. The two years for bill of review or appeal has passed. Mrs. Magruder did not die until February, A. D. 1883. These plaintiffs cannot now correct or have reviewed these errors, under these circumstances, so that they may now prove the decree was erroneous, even in this collateral proceeding. Vose vs. Morton, 4 Cush., 27 ; 11 Met., 370 ; 2 Met., 135 ; 4 Cow., 458.

This decree in case of Lofton vs. Magruder, introduced in this case, has never been confirmed or adopted by order of the Circuit Court, making it the decree of said Circuit Court of Duval county, Florida. The constitutional provision allows referee to try case, but nowhere provides for his entering a decree to make a decree of record of any court in this State.

We insist that the act of 1879, authorizing the decision

of a referee to be made a decree of the Circuit Court without action by that court, is unconstitutional and void, because the provision of the Constitution authorizing the appointment of referees confines their powers to trying the cause, and does not include the entering of a decree. The Constitution provides for certain courts, and says there shall be none other. This act, then, as to giving powers to a referee to enter final decree gives him judicial power unauthorized by the Constitution. This court, in case of Chambers vs. Savage, 13 Fla., page 588, has decided that this power to try a cause by a referee does not include the power to make a final judgment or decree binding in law as such. Chambers vs. Savage, 13 Fla., 587.

For the foregoing reason we say the record and decree ought never to have been admitted in evidence in this case of Rushton and Wife vs. Lofton, and verdict and judgment should have been for plaintiffs, who had shown their right to recover the lands in question.

We contend that there is no decree *pro confesso* or order taking bill as confessed, and therefore that decree final is not a decree and defendants were not cut off from their right to be heard on appointment of referee.

*T. A. McDonell* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court.

The material questions are, 1, whether the cause was in a condition to be referred for trial at the time it was referred ; 2, whether the referee can be appointed on the application of one party, the other being in default; 3, whether under the Constitution and laws a referee has power to try a cause and render a final judgment or decree, to be effectual as a judgment or decree of the Circuit Court without further action of the Judge of the Court.

The Circuit Court had jurisdiction of the bill in equity to set aside and cancel a deed for fraud. On the return of the subpœna showing defendant was not to be found the court had power to order defendant to appear and that the order be published. This was done and publication was made for four months, which time expired February 23, 1878. On the fourth of March following complainants' solicitors entered, in form, an order *pro confesso* not signed by the Judge. This order was of no effect without the signature of the Judge. It was entered before the expiration of one month after the expiration of the four months, and would have been for that reason irregular if it had been signed by the Judge. Sec. 13, Act of 1828, McC. Dig., 155. On the eighth day of May, 1878, the Judge made and signed an order reciting "that no plea, answer or demurrer has been put in by the defendant, that a decree *pro confesso* has been regularly taken and filed and entered, and that the time for further pleading has expired under the rule," it was, therefore, ordered that the cause be referred to a master to take testimony.

This order was made more than one month after the expiration of the publication for four months of the order to plead. We can but regard this order of May 8, in its terms and effect, as an order taking the bill as confessed on that day. It refers to an order *pro confesso* as having been duly entered and adopts it over the signature of the Judge. It is equivalent to signing the first order on May 8, the date of the last order.

Afterwards, on the 19th March, 1880, on motion of the complainants' solicitor, it was ordered that the cause be referred to H. Jenkins, Jr., a practicing attorney, as referee, for trial and final determination according to the statute.

It is objected that this order is void because the Consti-

tution does not authorize such reference for trial, except "upon the application of the parties," thereby meaning all the parties in a suit.

By rule 44 in equity, after the entry of an order taking the bill as confessed in default of pleading, "thereupon the cause shall be proceeded in *ex parte*," &c. And thus, the defendant having been summoned in the manner required by law, and having failed to appear and plead within the time allowed, there is but one party before the court to proceed in the cause and the court is authorized to proceed to take testimony and to a final determination of the matters before it in any manner authorized by law. The trial by a referee is provided for the convenience of the court and of parties and to expedite causes. In this case, there being but one acting party before the court, it is entirely consistent with the constitutional provision to refer the cause for trial on the motion of the only party before the court entitled to speak.

Upon another ground, however, it may be said that the decree could not be collaterally attacked. It has always been held that the title of an officer, *de facto*, acting under *color* of an election or appointment, cannot be inquired into collaterally, whether the office be judicial or ministerial.

In Indiana it was provided by law that in case of the temporary absence of the Circuit Judge, the clerk, auditor and sheriff were authorized to appoint some member of the bar to preside as Judge. A *vacancy* occurred in the office of Judge and the officers mentioned appointed an attorney to preside, the appointment being in legal form. The court held that the law did not authorize such an appointment during a vacancy in the office of Judge, yet that a court *de facto*, if not *de jure*, was constituted, and a party convicted of larceny could not, after conviction, call in

question the authority of the court.   Case vs. The State, 5 Ind., 1.

Where, in Ohio, a clerk had been appointed by Judges, whose appointment to the judicial office had been regular in form but at the time of the appointment of the clerk by them they were not rightfully in office, it was held that as they were in by color of right they were Judges *de facto*, and as to the public or individuals their acts must be held valid.   State vs. Alling, 12 Ohio, 16.

It would be strange, indeed, if the judgment or decree of a court of competent jurisdiction could be impeached on the ground that a flaw had been discovered in the commission of the Judge.   People vs. White, 24 Wend., 520, 527.

In Tennessee, one under thirty years of age was appointed Circuit Judge, contrary to the provisions of the Constitution.   The court says : The Governor's commission renders the functionary *prima facie* competent and clothes him with powers of the office so far as his official acts are concerned.   He may be removed from office and his powers terminated by the proper proceedings, but until that is done his acts are binding.   The plaintiff in error had been indicted for a crime when this judge presided, and the judgment was affirmed.   Blackburn vs. State, 3 Head., 690.

The same doctrine was held in Pepin vs. Lachenmeyer, 45 N. Y., 27 ; People vs. Cook, 8 N. Y., 67, citing many authorities ; McInstry vs. Tanner, 9 Johns., 135 ; Buckingham vs. Ruggles, 15 Mass., 180 ; Tolle vs. Stone, Burnett, Wis., 230 ; *In re* Boyle, 9 Wis., 260.

And so it seems that though there be a defect in the title of a person exercising the duties of an office, whether it be on account of some personal disqualification or because of the improper exercise of the appointing power, if he is in the office under the color of an appointment by proper authority, his official acts are recognized as valid
38

and not liable to collateral attack on the ground of defect in his title.

A referee is a judicial officer who may be appointed by the Circuit Judge to try and determine a cause before the court, and according to the authorities in analagous cases, his commission, though there may be some irregularity in his appointment, makes him an officer *de facto* whose title cannot be assailed in a collateral proceeding. If the Judge has improviderly made the order appointing the referee, the remedy for the error is in the same court or by appeal.

Counsel for appellant, arguing that the finding and decision of the referee is not a final decree, refer to the ruling of this court in Chambers vs. Savage & Haile, 13 Fla., 555. That case arose before the passage of any act by the Legislature regulating appeals or regulating the proceedings and trial before referees, and the manner of entering judgments upon their findings, and the result was that as there was then no law providing for the entry of their judgments in the record of any court, there was no machinery provided for the enforcement of such judgments or for appealing therefrom. No provision had been made for filing or recording the proceedings of the referee in the clerk's office, or making the finding a judgment of the court, and a return made by the clerk upon an appeal could not be recognized until the Legislature should make proper provision, or the court should direct judgment to be entered upon the finding of the referee.

The action of the Legislature in 1879, chapter 3122, supplemented the provision of the Constitution on the subject, regulated the trial, empowered the referee to summon witnesses, to file his findings in the clerk's office, provided for granting new trials, and the entering and recording of his judgments and decrees by the clerk, and that the same shall be effected as other judgments and decrees of the Cir-

cuit Court. The judgments and decrees of referees duly appointed are intended by the constitutional provision to be efficacious and final as judgment and decrees rendered by the Circuit Judge. The referee for the purposes of the trial and final decisions is substituted for the Judge. The cause is commenced in the Circuit Court and the judgment is that of the court when duly entered.

But it is said by appellant that the proceedings before the referee were unauthorized and void, that he had no jurisdiction of the cause for the reason that the decree *pro confesso*, so-called, was prematurely entered and was not signed by the Judge as the law requires and therefore the judge had no power to take further proceedings looking to a final decreee.

We think the order made subsequent to the irregular entry of the order *pro confesso* is substantially a decree taking the bill as confessed, as before observed. But if no regular decree *pro con.* had been entered it did not affect the *jurisdiction* of the court to render a final decree.

In Savage vs. Berry, 2 Scammon, 545, it was held that the want of a formal entry that the bill be taken for confessed is not material and does not prejudice the defendant; that the objection is purely technical, not in the least affecting the justice of the case, and that the want of such formal entry in the record could not be assigned for error.

In Heath vs. Mitcherson, 1 J. J. Mar., 547, the court say that after due service the court had a right to decree as to the defendant and it was not necessary that it should appear formally on the record that the bill was taken as confessed against him. The decree was affirmed on appeal.

In Shields vs. Bryant, 3 Bibb, 525; Carman vs. Watson & Pope, 1 How., Miss., 333; and Legrand vs. Francisco, 3

Munf., 83, the final decree was set aside as *irregular* or *erroneous* because no decree *pro confesso* had been entered.

In Brown vs. Humphreys, 1 J. J. Mar., 392, a final decree was set aside as *irregular* because the decree *pro con.* was entered before the time for appearance had expired.

And so it seems that the courts have held that the *absence* from the record of a decree *pro confesso* is not good ground for reversal of a final decree; or that if *no* decree *pro confesso* had been entered the final decree was irregular or erroneous and reversed, but we have found no case in which the final decree was held void for that reason, or that it affected the jurisdiction of the court.

It is a well settled rule that jurisdiction being obtained over the person and the subject matter, no error in its exercise can make the judgment void. The authority to decide being shown, it cannot be divested by being improperly or incorrectly employed. Freeman on Judg., §135, and notes.

Especially is it settled also that a domestic judgment cannot be assailed collaterally, there being no want of jurisdiction shown by the record itself. Whatever errors or irregularities may appear upon its face to have been committed by the court rendering a judgment, if the court has acted within its jurisdiction once obtained the judgment cannot be assailed, except in the court where it was pronounced, by moving to set it aside, or by equitable aid to prevent its execution, or by appeal to a higher tribunal to reverse or correct it. Freeman Judg., §§130, 135, and authorities cited. ·

In this case there does not appear to be a defect of jurisdiction. The court of chancery had power to decree the prayer of the bill, and to acquire jurisdiction of the person as to the *res* by publication and proof thereof. On completing the statutory service of notice the court had power

to appoint a referee and the referee had power to hear and determine. No error is alleged in the proceedings from the filing of the bill to the final decree, which is not, if it be error, an irregularity not affecting the jurisdiction. If irregularity exists, a court of superior, not of collateral jurisdiction, can correct it.

The appellants here are suing as the heirs at law of the granteee named in the deed which was set aside by this decree. She was a party to the decree annulling that deed, and the plaintiffs claim in her right and occupy the same position she would occupy if she was living and was the plaintiff here instead of her heirs. They are, therefore, directly affected by the decree as though they had been parties, and can avoid it only as Mrs. Magruder herself could avoid it if she were living.

There was no error in admitting the record of the decree as evidence, and the effect of it was necessarily to destroy the plaintiffs' evidence of title.

The judgment is affirmed.