J. H. GILLESPIE *et al., Appellants,* v. A. E. SCOTT, *Appellee.*

Opinion Filed Feb. 18, 1913.

When the affidavit of non-residence on which constructive service by publication is made, on a defendant in an equity suit, states that the defendant "resides in the City of C," but the particular address is not known or given, and the clerk of the court does not certify as required by the statute that he sent a copy of the publication by mail to the defendant at the residence given in the affidavit, the constructive service is fatally defective and a decree pro confesso entered thereon is unauthorized.

Appealed from the Circuit Court for Manatee County.

Decree reversed.

*Curry & Crichlow,* and *Cary B. Fish,* for Appellants;

*Singletary & Reaves,* for Appellee.

WHITFIELD, J.—Scott brought a bill in equity for specific performance of a contract to convey land making The Florida Mortgage & Investment Company, limited, a corporation under the laws of England, J. H. Gillespie, and Blanch M. Gillespie, his wife, Owen Burns, and Mae C. Bradley, defendants. The bill of complaint in effect alleges that on March 18, 1905, Scott purchased from the company through Gillespie, its agent, a certain described lot of land, on which $50.00 of the $150.00 purchase price was paid, the remainder being payable in twelve months with 8% interest evidenced in writing; that Scott immediately moved on the property, erected a dwelling house thereon and immediately occupied the same with his family as his home; that he has since then continuously lived upon and occupied the property with his family as his home until the present time under a claim of right

by virtue of said contract of purchase; that shortly after March 18, 1905, Scott paid $25.00 in addition to the $50.00 first paid upon the property; that on June 14, 1910, complainant paid defendant, Burns, who then owned a deed to the property the further sum of $6.00 towards the purchase price; that on November, 3, 1911, complainant tendered to the agent of the defendant, Mae C. Bradley, the present owner of the legal title to the land, the sum of $110.00 being in excess of the balance due on said lot with interest, and then and there requested said Mae C. Bradley to execute to complainant a conveyance of the said property, which she refused to do; that after complainant had bought the property from the said Florida Mortgage & Investment Company, the said company on April 11, 1905, conveyed the property to J. H. Gillespie; that on May 23, 1910, Gillespie and wife conveyed to Owen Burns, and on September 21, 1910, Burns conveyed to Mae C. Bradley, who now holds the legal title of record and claims the said property by and through the conveyances aforesaid, "but your orator alleges that continuously during all of said period of time and at and upon the date of each of the said several conveyances your orator was living upon the said property with his family and occupied the same as his home under a claim of right by virtue of his said written contract from the Florida Mortgage & Investment Company, limited, and that the said several purchasers of said property had full knowledge of your orator's right and claim in and to said property."

It is further alleged that the defendant, Mae C. Bradley, is a resident of the State of Illinois, and it is prayed that she be required to specifically perform the contract made by the Florida Mortgage & Investment Company with complainant for the conveyance of the lot upon the

payment by complainant of the balance of the purchase price, and that appropriate decrees be made.

Service of process was made on an agent of the company, and constructive service only by publication was made as to the non-resident defendant, Mae C. Bradley. J. H. Gillespie and his wife and Owen Burns answered. Decrees pro confesso were entered against the company and Mae C. Bradley. A replication was filed. Testimony was taken, and the court decreed specific performance against the defendant, Mae C. Bradley, upon the payment by complainant of $121.35 as balance of the purchase price with interest. It was further decreed that should the defendant, Mae C. Bradley, fail to make the conveyance as ordered, that upon the payment of the stated amount into the registry of the court by the complainant, then the decree in conjunction with the recorded receipt for the balance of the purchase price shall have the effect of a conveyance of the land to the complainant. Sec. 1902, Gen. Stats. There is no decree against the other defendants. An appeal was taken by J. H. Gillespie, Owen Burns and Mae C. Bradley.

It is suggested for the appellee that the appeal should be dismissed by the court of its own motion because the company and Mrs. Gillespie were not made parties to the appeal. The decree is against the defendant, Mae C. Bradley alone, and as it does not appear that the conveyance of the land by the company was by a warranty deed, it is not clear that the company is a necessary party to the appeal. Mrs. Gillespie was apparently made a party merely as the wife of the defendant, J. H. Gillespie.

Among the contentions of the appellants is that there was no proper service on the company and that the constructive service by publication upon the defendant, Mae

C. Bradley, is defective. As the Mortgage & Investment Company is not one of the parties who appealed, the alleged defect in the service of process on the company need not be discussed.

The affidavit on which the publication of constructive service on the defendant, Mae C. Bradley, was made, states that "the said defendant resides in the City of Chicago, State of Illinois, but the affiant does not know her more particular or definite address." The statute provides that the clerk of the Court shall send a copy of the publication by mail "to the defendant, if his residence be shown by the bill or affidavit." Sec. 1866, Gen. Stats. of 1906. It is also provided that: "The clerk, before a decree pro confesso upon constructive service shall be entered, must file with the papers a certificate that compliance with Section 1866 has been had, stating particularly the manner and time of such compliance." Sec. 1897, Gen. Stats.

In the certificate of the clerk as to constructive service filed in the cause there is no statement that a copy of the publication was mailed to the defendant, Mae C. Bradley, at Chicago, the place of her residence as "shown by the affidavit" upon which publication was made. It is true the affidavit did not give the street and number of the defendant's address, but the copy should have been sent by the clerk to the defendant at Chicago, Illinois; and where this is duly done it should be so stated in the certificate of the clerk required by the statute to be filed with the papers in the case. The mailing of a copy of the publication addressed to the defendant at her residence as shown by the affidavit is required by the statute as an essential step in the making of constructive service on a non-resident of the State, and its omission is a fatal defect. 17 Ency. Pl. & Pr. 102; 32 Cyc. 488.

The defendant, Mae C. Bradley, did not appear in the court below, and being a party appellant here does not work retroactively. As constructive service on this non-resident defendant was defective, the decree pro confesso was improperly entered against her. For this reason the decree is reversed.

SHACKLEFORD, C. J., AND TAYLOR AND COCKRELL, J. J., concur.

HOCKER, J., absent on account of illness.