HARRY QUIGLEY *et al., Appellants,* v. MARGARET CREMIN, *Appellee.*

En Banc.

ON REHEARING.

Opinion Filed July 5, 1927.

*Evans* and *Mershon,* of Miami, for Appellants;

*Shutts* and *Bowen,* of Miami, for Appellee.

STRUM, J.—This is a suit in equity, the purpose of which is to set aside a final decree rendered in a former suit and to quiet the title to the lands in controversy in the complainant in this suit. The matter comes before us upon an appeal from an order overruling a general demurrer to the bill of complaint. The parties will be designated as they were in the court below.

The bill of complaint in this suit alleges in effect that the complainant Margaret Cremin is the owner in fee simple of described lands; that on July 1, 1915, a tax deed covering said lands was issued to one R. Welborn; that by mesne conveyances the title or interest of said Welborn in said lands passed to C. H. Reeder, one of the defendants herein, who thereafter conveyed a part of said lands to the defendant Harry Quigley and the remainder to the defendant Jerry Errett. The bill further alleges that prior to his conveyance to Quigley and Errett, and on March 30, 1916, Reeder, as complainant, instituted a suit in equity against Margaret Cremin, as defendant, to quiet the title of the said Reeder to said lands, based upon said tax deed, as against said Margaret Cremin, the owner of the record title. A final decree was entered in that suit on December 30, 1916, quieting the title to said lands in Reeder as against any right or title of the said Margaret Cremin, and further decreeing the title of the said Margaret Cremin to be invalid and a cloud upon the title of said Reeder. The bill of complaint in the present suit, brought by Margaret Cremin, as complainant, charges that the tax deed aforesaid, and the claim of title of Reeder and the other defendants herein based upon said tax deed, as well as the final decree of December 30, 1916, entered in the former suit brought against this complainant by Reeder, are each and every void and of no effect and seeks to have the same set aside and cancelled and the title of the complainant in this suit, Margaret Cremin, quieted and established as against Reeder and his privies claiming under said tax deed and under the former decree.

The tax deed in question is alleged in the bill of complaint in this cause to be void on account of certain designated deficiencies in the procedure culminating in the issuance of said deed.

The final decree in the former suit, entered on December 30, 1916, is alleged by the bill of complaint in this case to be void and of no effect because:

"At the time of the commencement of said suit (that is, the former suit) in the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Dade County, in Chancery, by C. H. Reeder as complainant against this complainant (Margaret Cremin) as defendant, and continuously thereafter until long after the rendition and entry of the final decree in said proceedings, this complainant was an inmate of and was confined in the Rhode Island State Hospital for the Insane, to which she had been legally committed after an adjudication of her insanity through legal proceedings in said State of Rhode Island; that during said period of her insanity, no person had been designated or appointed in the State of Florida as guardian of the property of this complainant; that she was committed to said hospital on December 10, 1912, and was discharged therefrom in February, 1921; that in the said proceedings wherein the said C. H. Reeder was complainant as aforesaid no personal service of process was had upon this complainant, but that the complainant in said proceedings undertook and attempted to serve process upon this complainant, the defendant in said proceedings, by publication pursuant to the statute in such cases made and provided, and this complainant says that such publication or service of process upon her in the proceedings aforesaid were insufficient and invalid in that the Clerk of the Circuit Court of Dade County, Florida, failed to file with the papers in said cause a sufficient certificate (as required by Sec. 1897, Gen. Stats. 1906, now Sec. 3154, Rev. Gen. Stats. 1920) that compliance with said statute (Sec. 1866, Gen. Stats. 1906, as amended by Chapter 6481, Acts of 1913, now Sec. 3111, Rev. Gen. Stats. 1920) had been had, stating particularly

the manner and time of such compliance as required by the statute in such case made and provided, in that said Clerk failed to certify that a copy of the order of publication was posted at the Court House door within twenty days after making said order (as required by Sec. 1866, Gen. Stats. 1906, as amended by Chap. 6481, Acts of 1913, now Sec. 3111, Rev. Gen. Stats. 1920); wherefore, this complainant says that the court, in said proceeding (that is, the former suit), never obtained jurisdiction over the person or property of this complainant in said cause.''

The demurrer questions the sufficiency of the bill of complaint upon the ground that it affirmatively appears by the bill that there has been a former competent adjudication of the same subject matter as between these parties, and upon the further ground that the allegations of the bill of complaint do not allege in issuable form sufficient facts to avoid the former decree upon jurisdictional grounds. As stated, the demurrer was overruled.

In equity, the defense of *res adjudica* may be raised by demurrer where the facts supporting it sufficiently appear from the bill of complaint. Keen v. Brown, 46 Fla. 487, 35 South. Rep. 401.

Since no fraud or *mala fides* is charged in the procurement of the former decree, and since it affirmatively appears by the bill of complaint in this cause that there has been a prior adjudication of the same subject matter in a suit wherein the complainant in this cause was defendant, and the defendant in this cause C. H. Reeder (the predecessor in title of the other named defendants herein) was complainant, the only question now open for consideration as against Reeder and his privies is whether the Court which rendered the former decree had jurisdiction of the parties and subject matter. See Bryan v. Kennett, 113 U. S. 179, 28 L. Ed. 908.

The test of jurisdiction is whether the tribunal had the power to enter upon the inquiry in question, and not whether its method was regular, its findings right, or its conclusions in accordance with law. Even though there may have been irregularities in the issuance of the tax deed relied on by the complainant in the former suit (Reeder) which would have rendered erroneous and subject to reversal the former decree quieting the title based upon said tax deed as against the record title, such irregularities and consequent error would not affect the jurisdiction of the court which rendered the former decree and therefore can not avail the complainant in this proceeding.

This Court, speaking through Mr. Justice WHITFIELD, has held that jurisdiction of the subject matter of an action is a power to adjudge concerning the general question involved therein, and is not dependent upon the state of facts which may appear in a particular case, or the ultimate existence of a good cause of action in the plaintiff therein. Want of jurisdiction of the subject matter is to be distinguished from an erroneous exercise of jurisdiction. In the former case the want of jurisdiction renders the judgment void and open to collateral attack, whereas an erroneous exercise of jurisdiction merely renders the verdict open to reversal on appeal or writ of error. See Malone v. Meres, 109 South. Rep. 686; Rushmore v. Thompson, 20 Fla. 583.

Whether or not, as contended by complainant in this suit, the former suit was a proceeding to declare the validity of a tax deed only, and therefore, under the rule laid down by this Court in Brecht v. Bur Ne, 108 South. Rep. 173, a proceeding unknown to the law of this State, can not be definitely ascertained from this record, if, indeed, that question is properly presented by the bill of complaint. Nor do we here consider what the effect upon the former decree would be, as against a suit of this nature, if it were

ultimately determined that the former suit was merely a suit to declare the validity of a tax deed as distinguished from a suit in which the validity of such a tax deed is incidentally established by the removal of other claims which constitute a cloud upon the title of the person claiming under such tax deed.

We now consider whether according to the allegations of the bill of complaint in this cause, the requirements of due process were observed as to Margaret Cremin in the former suit in which the decree was rendered against her. That suit having been commenced on March 30, 1916, the matter is to be decided upon the statutes in effect at that time. The final decree in the former suit recites "that due and legal process was had upon the defendant (Margaret Cremin) by publication as required by law." While every presumption favors the regularity and correctness of that decree, still an adjudication by the court that it has acquired jurisdiction will not be conclusive against an affirmative showing of a failure to take the necessary steps to confer such jurisdiction. Myakka Co. v. Edwards, 68 Fla. 372, 382, 67 South. Rep. 217.

Assuming that the subject matter of the former suit was a proper subject of equitable cognizance by the Court which rendered the decree therein, a proper compliance with the statutes in effect at the time of the commencement of that suit would be sufficient to afford due process against the defendant therein, Margaret Cremin, even though she was then insane and remained so during the publication of the notice to appear, and until after final decree therein, and even though she was not represented by a guardian *ad litem* in Florida. Constructive or substituted process, valid and sufficient as to persons *sui juris*, applies to and is binding upon persons *non compos mentis*, infants, and persons under other legal disability, unless an exception be created in favor of the classes last named. The process pro-

vided by Section 1866, General Statutes, 1906, as amended by Chapter 6481, Acts of 1913 (now Section 3111, Revised General Statutes, 1920), under which the order of publication against Margaret Cremin was issued in the former suit, relates to non-resident and other classes of absent defendants generally. When properly invoked and employed, process effected under that statute therefore applies to and binds persons under legal disability, including infants and persons *non compos mentis,* that statute making no exception in favor of the classes of persons last mentioned. See McDaniel v. McElvy, 108 South. Rep. 820, and cases cited; Bryan v. Kennett, 113 U. S. 179; 28 L. Ed. 908.

Beginning with the general chancery procedure Act of November 7, 1828, which will be found in Duval's Compilation published in 1839, page 128, and continuing through Chap. 3589, Acts of 1885; Section 1413, Revised General Statutes, 1892; Chapter 4129, Acts of 1893; Chapter 5393, Acts of 1905; Section 1766, General Statutes, 1906, Chapter 6227, Acts of 1911; Chapter 6481, Acts of 1913; Sections 3111 and 3112, Revised General Statutes, 1920; Chapter 8465, Acts of 1921; Chapter 10102 and Chapter 11364, Acts of 1925, statutes have existed in this State providing generally for constructive service of process upon non-residents and designated classes of other absent defendants in suits in equity including suits relating to or affecting title to real property. None of those statutes contain any exception or limitation excluding infants or persons *non compos mentis* from their operation. Under the rule stated in McDaniel v. McElvy, 108 South. Rep. 820, and as herein applied, the statutes mentioned have afforded, since November 17, 1828, a means of effecting constructive service upon non-residents and the classes of other absent defendants designated in such statutes, which process, when properly invoked and employed is binding upon and applicable alike to all persons within the desig-

nated classes of defendants, whether such persons be *sui juris* or infants or persons *non compos mentis*. Anything said to the contrary in Peacock v. City of Miami, 109 South. Rep. 458, is hereby modified to accord with the rule stated herein and in McDaniel v. McElvy, 108 South. Rep. 820. Chapter 5910, Acts of 1909, now Section 3115, Revised General Statutes, 1920, specifically authorizing the constructive service of process by publication upon a non-resident infant is merely declaratory of the law as it has existed since November 7, 1828. The bill of complaint in Peacock v. City of Miami, *supra,* alleged as a matter of fact "that no copy of said order (the order of publication in the former suit) was ever posted at the door of the court house of said county." The *decision* in that case was therefore manifestly correct.

The bill of complaint in this case affirmatively shows that a guardian *ad litem* was appointed for Margaret Cremin in the former suit. The final decree in the former suit which is made a part of the bill of complaint in this cause recited that the former cause came on for final hearing on December 30, 1916, "and it appearing to the satisfaction of the Court from an examination of the records and papers filed therein that * * * a guardian *ad litem* was duly and regularly appointed to represent said defendant (Margaret Cremin), who qualified as such guardian *ad litem* and filed his answer to said bill * * * and thereupon this cause coming for final hearing upon the bill of complaint herein, the answer of J. M. McCaskill, guardian *ad litem* of the defendant Margaret Cremin, the proof taken in said cause, and the report of the special master * * *," etc. It therefore affirmatively appears that the allegations of the bill of complaint in this cause attacking the validity of the process upon which the former decree was rendered on account of the non-residence and

insanity of the present complainant, Margaret Cremin, who was the defendant in the former suit, are not sufficient to avoid the former decree on that account. See McDaniel v. McElvy, 108 South. Rep. 820; Bryan v. Kennett, *supra,* King v. Robinson, 33 Me. 114, 54 Am. Dec. 614; Moran v. Coffin, 241 S. W. Rep. 338; Walrod v. Nelson, 210 N. W. Rep. 525, *idem* 206, N. W. Rep. 218; Wheeler v. Scully, 50 N. Y. 667; Steinhart v. Baker, 46 N. Y. S. 707; Aff. 49 N. Y. S. 357; Taylor v. Loving, 50 N. E. Rep. 612; Cohen v. Lortland Lodge, etc., 144 Fed. 266; Aff. 152 Fed. 357; Groves v. Ware, 109 S. E. Rep. 568; 32 C. J. 783; 21 R. C. L. 1288; 14 R. C. L. 615.

The bill of complaint in this suit challenges the validity of the process in the former suit because in that suit the clerk "failed to certify that a copy of the order of publication was posted at the court house door within twenty days after making said order." We will now consider that question.

Section 1897, General Statutes, 1906 (now Section 3154, Revised General Statutes, 1920), which appears in the statutes in the article relating to decrees *pro confesso,* provides:

"The Clerk, before *a decree pro confesso* upon constructive service shall be entered, must file with the papers a certificate that compliance with Section 1866 (General Statutes, 1906, now Section 3111, Revised General Statutes, 1920), has been had, stating particularly the manner and time of such compliance." (Italics supplied).

Section 1866, General Statutes, 1906 (now Section 3111, Revised General Statutes, 1920), provides amongst other things that the Clerk shall have all orders of publication against an absent defendant published for a stated period, and;

"* * * he shall also, within twenty days of the

making of the order post a copy of said order at the door of the Court House of the County, &ast; &ast; &ast;.''

Construing Section 2, of Chapter 3589, Acts of 1885, the predecessor of Section 1897, General Statutes, 1906, and of Section 3154, Revised General Statutes, this Court, referring to the certificate required to be made by the Clerk, said:

''Such certificate is an essential jurisdictional prerequisite *to the entry of a decree pro confesso,* and a decree *pro confesso* entered without such certificate, if not absolutely void, is certainly voidable, in proper proceedings by the party injured thereby.'' (Italics supplied.) Shrader v. Shrader, 36 Fla. 502, 18 South. Rep. 672.

See also Laflin v. Gato, 52 Fla. 529, 42 South. Rep. 387; Gillespie v. Scott, 65 Fla. 175, 61 South. Rep. 322; Lybass v. Ft. Myers, 56 Fla. 817, 47 South. Rep. 346.

The final decrees appealed from and reversed in each of the cases just cited were rendered pursuant to decrees *pro confesso* previously entered in those cases.

The present bill of complaint does not attack the former final decree because a copy of the order of publication was not *in fact* posted before the door of the Court House within the required time, but because the Clerk ''failed to certify'' that such action was taken. In the former suit in which the questioned final decree of December 30, 1916, was rendered, no decree *pro confesso* was entered against the defendant therein, Margaret Cremin, so far as the allegations of the bill of complaint in the present case disclose. On the contrary, the decree recites that the cause came on for final hearing ''upon the bill of complaint, the answer of J. M. McCaskill, guardian *ad litem* of the defendant Margaret Cremin, the proof taken in said cause, and report of the special master.'' It is the actual publication and posting of a properly issued notice to appear

which affords due process. A certificate by the Clerk as to compliances with the constructive service statute is not an indispensable element of due process. Such certificate is an essential jurisdictional prerequisite to the entry of a decree *pro confesso* upon constructive service because it is made so by statute. But the statute requires a certificate only where a *decree pro confesso* is entered upon constructive service. In that case a failure to file the certificate invalidates not only the decree *pro confesso* but also the ensuing final decree as to those constructively served with process. But where, as in this case, no decree *pro confesso* was entered, and the cause proceeded on the answer of the defendant through her guardian *ad litem*, the mere failure of the Clerk to file such certificate is not fatal to the validity of the final decree if the record in the former suit shows that the steps necessary under the statute to afford due process to the defendant were in fact taken. The bill of complaint in this case does not allege either that such steps were not in fact taken or that it does not appear by the record in the former suit that such steps were taken. (See Guaranty Trust etc. Co. v. Budington, 27 Fla. 215, 9 South. Rep. 246). *Non constat* but that it appears by the record in the former suit that the required notice to the defendant was properly posted and published as required by Section 1866, General Statutes, 1906, (Section 3111, Revised General Statutes, 1920), in which event the final decree in the former suit is not lacking as to due process, and no decree *pro confesso* having been entered, there was no necessity for compliance with Section 1897, General Statutes, 1906, (Section 3154, Revised General Statutes, 1920). See Rushmore v. Thompson, 20 Fla. 583.

The Chancellor therefore erred in overruling the demurrer to the bill of complaint, and the order appealed from is reversed with directions to sustain the demurrer with leave to the complainant to amend as she may be ad-

vised, within a reasonable time to be fixed by the Chancellor.

The former opinion upon this appeal as reported in 109 So. 312, is hereby modified to accord with what is said in this opinion.

Reversed and remanded.

ELLIS, C. J., AND WHITFIELD, TERRELL, BROWN AND BUFORD, J. J., concur.