A. W. THOMSON, *Appellant*, v. ELIZABETH JARDINE THOMSON, *Appellee*.

Opinion Filed December 6, 1927.

*R. B. Moseley,* for Appellant;

No appearance for· Appellee..

WRIGHT, Circuit Judge:⋅

The appellant, as complainant in the lower court, filed his bill for divorce in the Circuit Court of Dade County, Florida, on the 4th day of February, A. D. 1925, against the appellee, as defendant.

Appended to the bill was an affidavit by complainant's solicitor, the material parts of which read as follows, "That the above-named defendant, Elizabeth Jardine Thompson, is above the age of twenty-one years; that the said defendant is not a resident of the State of Florida, but is a resident of Edinburgh, Scotland; that there is not any person in the State of Florida upon whom service of process could be made that would bind the above named defendant."

Thereafter an order of publication was duly made, published and mailed (later returned to the clerk "unopened") ; and a decree *pro confesso,* based on constructive service and failure to appear, entered; an order of reference to a special master made; the testimony taken before the master, and, on June 26, A. D. 1925, the matter was presented to the circuit judge, on motion of complainant for a final decree on final hearing, who found from the record that service had not been obtained upon appellee and, on the same day entered an order denying the motion for final decree on the ground that service had not been obtained upon the defendant as required by law and the rules of court and remanding the cause to rules for further proceedings therein.

An appeal was thereafter duly entered and the assignments of error are:

"1st. The court erred in entering its order herein of the 25th day of June, A. D. 1925, and denying complainant's motion for a final decree.

"2nd. The court erred in entering its order herein on the 25th day of June, A. D. 1925, in remanding this cause to rules for further proceedings."

The sole question presented by the record for our determination is: Were the statements contained in the affidavit appended to complainant's bill with respect to the residence of the appellee sufficiently particular and definite to constitute the basis for constructive service of process on the appellee under the statute so as to give the trial court jurisdiction over her person in the premises?

The material part of Section 3111 of the Revised General Statutes of Florida (1920) pertinent to this question, provides; "3111. Constructive Service.—1. Obtaining Order for Publication.—Whenever the complainant, his agent or attorney, shall state in a sworn bill or affidvait, duly filed, the belief of the affiant that the defendant is a resident of a state or country other than this State," *specifying as particularly as may be known to affiant such residence,* or that his residence is unknown, etc. * * * (italics ours).

In the case of Ortell v. Ortell, 107 So. page 442, et seq., this Court held "It is the plain purpose of the statute, (referring to the statute here under consideration) that the affidavit shall specify with sufficient particularity the residence of the defendant, if such be known to the affiant, so that the copy of the order requiring the defendant to appear upon a certain day, when mailed to the defendant, as required, by the clerk, will with reasonable probability reach the defendant; and in all cases where the residence is stated as being in any city which the courts must take judicial knowledge of as being a city of any considerable population, the affidavit shall either give the street ad-

dress of such residence or should state that the affiant has specified as particularly as may be known to him such residence of the defendant, 32 Cyc. 478, and cases cited. It is not necessary that the affidavit should follow the exact language of the statute, but it should set up such facts as show a compliance with what the statute requires. * * * The purpose of constructive service by publication upon non-resident defendants, or persons whose residence is not known, as is made apparent from the reading of the statute, is to bring home, if possible, to the knowledge of such defendant the pendency of the suit against him or her and of the order to appear therein by a given date.''

It follows that under the provisions of Section 3111, and the construction placed thereon by this Court in the Ortell case, *supra,* the affidavit appended to the appellant's bill in the instant case, having stated the residence of the appellee to be Edinburgh, Scotland, a city judicially known to the Court to be one of large population, should have further stated that in so stating such residence of the appellee the affiant was ''specifying as particularly as may be known to such affiant such residence,'' or words to that effect.

There is nothing inconsistent in this reasoning and the holding of this Court in the case of Gillespie v. Scott, 61 So. 322, 65 Fla. 175, in which the Court held an affidavit sufficient which gave the residence of the defendant as ''In the City of Chicago, State of Illinois,'' but it is to be particularly noted that in the Gillespie case the affidavit also contained the statement ''but the affiant does not know her more particular or definite address.'' The last quoted clause of that affidavit constituted a substantial compliance with the requirement of the constructive service statute here under consideration.

We are of the opinion that the lower court, for the

reasons here stated, correctly found that constructive service by publication had not been obtained upon the appellee and that final decree should not be granted herein. The order further properly provided that the cause should be remanded to rule for further proceedings.

The order is affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the order of the Circuit Court in this cause be, and the same is hereby affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.