BOARDMAN, Judge.
In February, 1965, appellee Robert M. Kilmark sued appellant Eleanor C. Kilmark for divorce. Before final hearing the parties entered into a written agreement. The agreement was entitled “PROPERTY SETTLEMENT AGREEMENT.” The pertinent provisions of the agreement provided:
WHEREAS, the Husband desires to make provisions for the maintenance and support of the Wife. .
[[Image here]]
2. Alimony and Support: The Husband, in full settlement and discharge of all obligations present and future to súp-port the wife and as and for alimony, separate maintenance and child support and in lieu of dower of the wife against *795 the husband or his estate, agrees as follows:
(a) To pay to the wife as alimony the sum of Two Hundred Ninety and 59/ioo Dollars ($290.59) per month to be paid as of the entry of a final decree of divorce in the above styled cause and monthly thereafter on the date of said decree of divorce and to be increased as hereinafter provided, said alimony to continue so long as the wife shall live and remain unmarried and the home is sold as hereinafter set forth, whichever event first occurs.
[[Image here]]
3. Property Rights: . . . The husband does hereby agree to pay to the wife the sum of Three Hundred Thirty-four and 41/ioo Dollars ($334.41) per month on the first of November, 1965 and thereafter on the 1st of each and every succeeding month until such time as the house be sold and upon the sale of said home the husband does hereby agree to increase the alimony payments to the wife by the sum of Three Hundred Thirty-four and 41/ioo Dollars ($334.41) per month, or a total of Six Hundred Twenty-five Dollars ($625.00) per month as and for alimony, said payments to continue as hereinabove provided.
[[Image here]]
12. Divorce: ... in the event a final decree shall be entered in the divorce action now pending in the Circuit Court of the Sixth Judicial Circuit of the State of Florida in and for Pinellas County, chancery # 77,002, this agreement or a copy of same may be produced in evidence by either party to said cause and the Court requested to approve and make same a part of such decree.
The final decree of divorce entered on October 22, 1965, provided in pertinent part:
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Agreement entered into by and between the parties hereto, introduced into evidence as Cross-Plaintiff’s Exhibit No. 1, be, and the same is hereby ratified, approved, and adopted by the Court and attached hereto and made a part hereof as if copied herein verba per verba.
THE JURISDICTION OF THIS CAUSE is hereby retained for the entry of such further orders with reference to the care, custody, and support of the said children as the Court may consider proper, and for the enforcement of the execu-tory provisions of the Property Settlement Agreement.
Appellee subsequently sought' reduction of the alimony payments by modification of the final judgment. Appellant attacked the attempted modification by asserting numerous deficiencies in the petition including the allegation that the alimony provisions of the agreement were nonmodifiable and therefore the court lacked jurisdiction to modify. On November 2,1966, the Honorable Clyde M. Kissinger entered an order which (1) found that the alimony provisions of the final decree were nonmodifiable; (2) dismissed the petition for modification of alimony; (3) granted appellee’s oral motion to amend the child support; and (4) reduced the child support payments.
On June 20,1967, appellee filed a verified motion requesting that the trial court set aside Judge Kissinger’s order and permit a reduction of alimony. This motion was brought pursuant to Rule 1.540 of the Florida Rules of Civil Procedure within one year of entry of Judge Kissinger’s order and alleged mistake, inadvertence, and oppression as grounds. Appellee reasserted in this motion that the agreement was one to pay alimony.
[The] “Property Settlement Agreement” is, in fact, an embodiment of severable agreements as to settlement of property rights and claims, alimony and child support, each with independent consideration. ...
On October 20,1967, the parties, each represented by counsel, filed a joint stipulation and Rule 1.540 motion to correct and modify the order of November 2. The motion provided in pertinent part:
Plaintiff Robert M. Kilmark and Defendant Eleanor C. Kilmark jointly move *796 the Court to enter its order adjudicating and affirming the matters herein stipulated, correcting and modifying the prior order of this Court entered the 2nd day of November, 1966 and modifying the Final Decree of Divorce entered in this cause the 22nd day of October, 1965. In support thereof, both parties do stipulate that:
1. The order of this Court entered November 2, 1966, insofar as it grants Defendant’s Motion to Dismiss Plaintiff’s Petition for Modification for Alimony finding and adjudicating that “the agreement between the parties was a valid, binding property settlement agreement not subject to modification under the provisions of Florida Statutes 65.15”, appears to have been founded upon mistake and misconception of law and fact, is in error, and has resulted in hardship to both parties. Notwithstanding any misconception in construction or effect of the settlement agreement of these parties embodied in the said Final Decree, it has at all times been their intention and purpose that alimony, child support and property settlement provisions thereof should remain severable, that all provisions thereof be deemed merged into Final Decree of Divorce, as that decree so recited, and that the said agreement should in no way impair relief under Chapter 65.15, Florida Statutes, or in any way impair the jurisdiction and the power of this Court to modigy (sic) and enforce alimony and child support allowances. The said order should be corrected accordingly, and the parties relieved from the cited consequences thereof, under provision of Rule 1.540, Florida Rules of Civil Procedure.
The Honorable C. Richard Leavengood entered an order on November 7, 1967, vacating the order of November 2 and reducing the alimony payments. Pertinent portions of the November 7 order provided:
1. The order of this Court entered November 2, 1966, insofar as it grants defendant’s motion to dismiss plaintiff’s petition for modification of alimony and adjudicating that “the agreement between the parties was a valid, binding property settlement agreement not subject to modification under the provisions of Florida Statute 65.15” be, and it is hereby vacated and set aside and the said motion be deemed to be denied in all respects.
2. It is the judgment of this Court that the settlement agreement of the parties embodied in the Final Decree of Divorce entered October 22, 1965, although entitled “property settlement” embodies severable considerations of periodic alimony and child support allowances in addition to considerations of settlement of property rights between the parties; that alimony provisions thereof are subject to modification by authority of Chapter 65.-15, Florida Statutes; and that said agreement was merged in and became a part of the Final Decree of Divorce, and is enforceable as any other executory judgment or decree of this Court.
[[Image here]]
4. Periodic alimony payments, heretofore required of plaintiff to be made to defendant, are hereby reduced from $625.00 per month to $350.00 per month, and plaintiff is hereby ordered and directed to pay to defendant the sum of $350.00 per month, commencing with the month of November, 1967, the first installment being payable on or before the tenth day of November, 1967, and continuing on or before a like day of each and every month thereafter for so long as defendant shall live and remain unmarried, or until earlier further order of this Court affecting same.
Appellee made alimony payments of $350.00 per month to appellant until March of 1976. He has made no payment since that date. Appellant filed a motion for contempt for nonpayment of alimony and for attorney’s fees. Appellee contended that the November 7 order was void for lack of jurisdiction and in accordance with the November 2 order the final decree was unenforceable by contempt. On April 14, 1978, the Honorable Elizabeth A. Kovache-vich denied the motion finding that Judge *797 Kissinger’s order of November 2 “fixed” the legal status of the agreement as being an overall property settlement agreement which is unenforceable by contempt rather than an agreement to pay alimony, that such order is the law of the case, and that Judge Leavengood’s order is a nullity since jurisdiction cannot be conferred upon a court by agreement of the parties. This appeal is from Judge Kovachevich’s order.
As to the validity of the November 7 order only subject-matter jurisdictional defects may be raised at this point in time. 19 FlaJur. Judgments and Decrees § 234 (1958). If the court were without jurisdiction, the order is void. We hold that the November 7 order is not void.
“[Jurisdiction of the subject-matter of an action is a power to adjudge concerning the general question involved therein, and is not dependent upon the state of facts which may appear in a particular case or the ultimate existence of a good cause of action in the plaintiff therein. Want of jurisdiction of the subject-matter is to be distinguished from an erroneous exercise of jurisdiction.”
Aldrich v. Aldrich, 163 So.2d 276, 281-82 (Fla.1964), quoting Quigley v. Cremin, 94 Fla. 104, 109, 113 So. 892, 894 (1927). In the proceedings before Judge Leavengood the court had subject-matter jurisdiction to entertain the joint motion for modification since it had the power to modify and had the power to timely vacate and set aside Judge Kissinger’s order pursuant to Rule 1.540. Furthermore, at this point in time appellee is estopped to question the validity of Judge Leavengood’s order since he actively sought the modification and benefit-ted from it by virtue of the reduction in payments. 46 Am.Jur.2d Judgments § 51 (1969). Accordingly, it is Judge Leaven-good’s order not Judge Kissinger’s order which controls disposition of proceedings subsequent to entry of it.
Since it has been found that the final decree of dissolution includes an alimony provision, that provision as modified by the November 7 order is enforceable by contempt.
REVERSED and REMANDED for further proceedings consistent with this opinion.
GRIMES, C. J., and DANAHY, J., concur.