HENDRY, Judge.
This consolidated appeal is from the trial court’s order denying the appellant’s motion for relief from a final judgment of dissolution of marriage that was entered three days after filing of the petition for dissolution. The motion was filed fifteen months after the entry of the judgment of dissolution.
It is appellant’s contention that the judgment of dissolution was void and should be set aside because it was entered in violation of section 61.19, Florida Statutes (1979), which provides:
“No final judgment of dissolution of marriage may be entered until at least 20 days have elapsed from the date of filing the original petition for dissolution of marriage, but the court, on a showing that injustice would result from this delay, may enter a final judgment of dissolution of marriage at an earlier date.”
It is conceded that the judgment of dissolution was entered before the twenty days had run and that there was no showing in the record that injustice would result from the statutory 20-day delay.
The court’s failure to follow this provision of section 61.19 does not, however, render the judgment void.
“It is settled law that where it appears that a court is legally organized and has jurisdiction of the subject matter and the adverse parties are given an opportunity to be heard as required by law, errors or irregularities, or even wrongdoing in the proceedings, short of an illegal deprivation of an opportunity to be heard, will not render the judgment void.”
State ex rel. Fulton Bag & Cotton Mills v. Burnside, 153 Fla. 599, 15 So.2d 324, 326 (1943); accord Quigley v. Cremin, 94 Fla. 104, 113 So. 892 (1927); see also Sheldon v. Powell, 99 Fla. 782, 793, 128 So. 258, 263 (1930). There is no question that the court was “legally organized”, nor have the parties complained of not having been fully heard. Both the husband and wife appeared before the court, and testified that they had been residents of the State of Florida for more than six months prior to the filing of the petition for dissolution. The wife testified that she had freely and voluntarily entered into a property settlement agreement that was incorporated in the final judgment.
We conclude that the failure of the court to follow the twenty day waiting provision of section 61.19, Florida Statutes, was merely error in the exercise of properly obtained jurisdiction, which error did not render the judgment of dissolution void. Therefore the trial court did not err in entering the order appealed.
Affirmed.