## COTZIN v STADLER ASSOCIATES, INC., et al.
### Case No. 89-012 AP
Eleventh Judicial Circuit, Dade County
November 6, 1989

Before CARNEY, GERSTEIN, CARDONNE, JJ.

### OPINION OF THE COURT

CARNEY, J.

THIS APPEAL arises from an award of attorneys fees in the County Court in and for Dade County. The case was originally filed in by the Appellant in Circuit Court as a suit to recover a real estate commission in an amount solely within the jurisdiction of that Court. After issue was joined, summary judgment was entered in favor of the appellees and the case was transferred to County Court. It affirmatively appears from the Transfer Order that the case was transferred because the . . . "amount in controversy in this case, as a result of summary judgments previously granted to defendants herein is below the jurisdiction of the Circuit Court." . . .

The Florida Constitution provides that Circuit Courts have original

50

jurisdiction not vested in the County Courts. (Fla. Const. Art V, § 5(b)). The Florida Constitution further provides that County Courts are to exercise jurisdiction prescribed by general law. Fla. Const. Art. V, § 6(b). General law provides that County Courts have original jurisdiction of all actions at law in which the matter in controversy does not exceed the sum of $5,000.00. F.S. 34.01(1), following Fla. Const. Art. V, § 20(c)(5).

The test of jurisdiction, a term susceptible of several meanings, is in this case; whether the tribunal has the power to enter upon the inquiry in question and not whether its method is regular, its findings right, or its conclusion in accordance with law. *Quigley v Cremin,* 94 Fla. 104, 113 So. 892 (1927). It also has been held, as this Court does here, that when the jurisdiction of a Court is in doubt the question should be raised sua sponte, if the parties do not. *Stein v Durby,* 126 So.2d 313 (1961).

The subject matter jurisdiction of the case at bar does not turn upon the result reached by summary judgment in the Circuit Court. Subject matter jurisdiction does not depend on what was recovered, but by the sum, in good faith, demanded in the complaint. *White v Marine Transport Lines, Inc.,* 372 So.2d 81 (Fla. 1979). Accordingly the final judgment in the County Court is Reversed and the issue of the amount of fees and indeed even entitlement is not reached by this Court. The clerk is directed to return this case to the circuit court division from which it was transferred for resolution of the attorney fee issue. REVERSED AND REMANDED. GERSTEIN, J. and CARDONNE, J., concur.