KLEIN, J.
The City of Plantation seized, under our civil forfeiture law, currency and jewelry owned by petitioner. Alleging that the city is denying her due process rights by improperly delaying post-seizure proceedings, petitioner seeks a writ of prohibition, citing In re Forfeiture of One (1) 1991 Honda Prelude, 730 So.2d 334 (Fla. 5th DCA 1999). In Honda Prelude the fifth district granted a writ of prohibition, concluding that the trial court lacked jurisdiction in a forfeiture case where the government did not file its complaint for forfeiture within forty-five days of seizure. See §§ 932.704 and 932.701(2)(c), Fla. Stat. (1997).
Our supreme court, in English v. McCrary, 348 So.2d 293, 297 (Fla.1977), stated:
Prohibition lies to prevent an inferior tribunal from acting in excess of juris *340 diction but not to prevent an erroneous exercise of jurisdiction. In this state, circuit courts are superior courts of general jurisdiction, and nothing is intended to be outside their jurisdiction except that which clearly and specially appears so to be.
In Mandico v. Taos Construction, Inc., 605 So.2d 850, 854 (Fla.1992), the court repeated the above quote, emphasizing “clearly” and “specially.”
In In re Forfeiture of One 1988 Lincoln Town Car, VIN 1LNBM81F8JY612959, 826 So.2d 342 (Fla. 2d DCA 2002), the second district, in a final appeal, held that the statutory time limit in forfeiture proceedings is not jurisdictional and certified conflict with Honda Prelude.
In the present case, after petitioner’s property was seized, she waived, in a letter from her counsel, both the ten day statutory requirement for the scheduling of a preliminary hearing and the forty-five day statutory requirement for the city to file its complaint. The waiver was to give the parties time to negotiate a settlement. She argues, however, that so much time elapsed after it became apparent that the case could not be settled, that by now proceeding the city is violating her due process rights.
Because of petitioner’s waiver, we find this case distinguishable from Honda Prelude and need not reach the issue of whether the forty-five day time limit for filing the complaint is jurisdictional. Petitioner argues that it is- jurisdictional and cannot be waived. Although subject matter jurisdiction cannot be waived, Cates v. Heffernan, 154 Fla. 422, 18 So.2d 11 (1944), the circuit court clearly had jurisdiction over the subject matter in this case. Quigley v. Cremin, 94 Fla. 104, 113 So. 892 (1927)(subject matter jurisdiction means the power of the court to preside over the class of cases to which the particular case belongs).
Courts also, as petitioner points out, grant writs of prohibition in criminal cases, even though the trial court technically has jurisdiction, where a defendant’s fundamental constitutional right, such as not to be subjected to double jeopardy, will be violated if the trial court proceeds. State v. Strawn, 307 So.2d 213 (Fla. 4th DCA 1975); quashed on other grounds, Strawn v. State, 332 So.2d 601 (Fla.1976). A delay in a forfeiture proceeding, which is civil, is not analogous to violating a criminal defendant’s right to not be put in double jeopardy.
We therefore dismiss the writ of prohibition for lack of jurisdiction, without prejudice to petitioner’s raising this issue on appeal from a final order.
STONE and WARNER, JJ„ concur.