DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT JOSHUA,**
Petitioner,

v.

**CITY OF FORT LAUDERDALE,**
Respondent.

No. 4D17-968

[October 18, 2017]

Petition for Writ of Prohibition to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carol Lisa Phillips, Judge; L.T. Case No. 11-20057 (25).

Robert Joshua, Doral, pro se.

Cynthia A. Everett, City Attorney, and Bradley H. Weissman, Assistant City Attorney, Fort Lauderdale, for respondent.

SUAREZ, SALTER and FERNANDEZ, Associate Judges.

SUAREZ, Associate Judge.

Petitioner Robert W. Joshua ("Petitioner") seeks a writ of prohibition to prevent the trial court from proceeding in the underlying forfeiture action between the City of Ft. Lauderdale ("City") and Petitioner, case no. 11-20057(25), filed in the 17th Judicial Circuit in and for Broward County, Florida, and for return of his seized property.[1] We decline to recognize the Petitioner's voluntary dismissal of his first filed petition for writ of certiorari in case no. 4D17-968;[2] we deny Petitioner's second petition for writ of certiorari filed by Petitioner under that same case number shortly after filing the voluntary dismissal of his first petition; we deny the City's motion to strike; and we affirm the trial court's February 20, 2017 order denying

---

[1] We treat the petition for writ of prohibition as a petition for writ of certiorari.

[2] *See State v. Schopp*, 653 So. 2d 1016 (Fla. 1995) (holding an appellate court has the discretion to retain jurisdiction to render a decision on the merits of a case notwithstanding the filing of a notice of voluntary dismissal).

the Petitioner's motion to dismiss the City's civil forfeiture complaint, case no. 11-20057(25), filed in the 17th Judicial Circuit in and for Broward County, Florida. *See DeGregorio v. Balkwill*, 853 So. 2d 371 (Fla. 2003); *Hernandez v. Kissimmee Police Dep't*, 901 So. 2d 420, 422 (Fla. 5th DCA 2005); *Alvarez v. City of Plantation*, 824 So. 2d 339 (Fla. 4th DCA 2002); *cf. Hamilton Cty. Bd. of Cty. Comm'rs v. State Dep't of Envtl. Regulation*, 587 So. 2d 1378, 1390 (Fla. 1st DCA 1991) (noting statute seemingly mandatory in terms because of the use of the word "shall," is designed simply to further the orderly conduct of business, and the provision is generally deemed directory only).

SALTER and FERNANDEZ, Associate Judges, concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***